IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOYO BATTERY CO., LTD. | )<br>) |
| Plaintiff, | ) Case No.: 08-C-274<br>) |
| v. | ) Judge Conlon<br>) Magistrate Judge Valdez |
| MICHAEL J. LUNKES and<br>CELL SOURCE DISTRIBUTION, INC. | )<br>) Jury Trial Demanded<br>) |
| Defendants. | ) |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants, MICHAEL J. LUNKES ("LUNKES") and CELL SOURCE DISTRIBUTION, INC. ("Cell Source")(collectively "Defendants") by and through their attorneys, JENNER & BLOCK LLP for their Answer and Affirmative Defenses to the Complaint against them by KOYO BATTERY CO., LTD. ("Koyo") state as follows:

### PARTIES

1. Koyo is a Taiwanese company organized and existing under the laws of Taiwan. Koyo is, therefore, a citizen of Taiwan.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

2. Defendant Lunkes resides in the state of Illinois and therefore is a citizen of Illinois. Defendant Cell Source is an Illinois corporation in bad standing with the Illinois Secretary of State. Cell Source is, therefore, an Illinois citizen.

**ANSWER:** Lunkes admits he resides in Illinois and is a citizen of Illinois. Cell Source admits that it is an Illinois corporation, but expressly denies that it is in bad standing with the Illinois Secretary of State. Cell Source admits it is an Illinois Citizen.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a) (2), based upon the complete diversity of citizenship of the parties and the amount in controversy exceeding the jurisdictional minimum of $75,000.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that complete diversity exists. Defendants admit that Plaintiff alleges damages in excess of $75,000.

4. Venue is proper in this Judicial District because the Defendants reside in this Judicial District, because products were shipped into this Judicial District, and because Defendants breached their contractual obligations within this Judicial District.

**ANSWER:** Defendants admit they reside in this Judicial District and that certain products were shipped into this Judicial District. Defendants deny the remaining allegations in paragraph 4.

## BREACH OF CONTRACT-COUNT I

5. Plaintiff and Defendants entered into a legally binding contract for the sale of batteries. The terms of the parties' contract required that Defendants pay the Plaintiff for batteries ordered.

**ANSWER:** Lunkes denies entering into a contract with Plaintiff and that he is personally required to pay Plaintiff any amounts. Cell Source admits that it entered into certain agreements with Plaintiff for the sale and purchase of batteries. Cell Source admits that the agreements required Cell Source to pay Plaintiff on certain terms. Answering further, Cell Source states that Plaintiff was required to credit Cell Source for certain advertising costs incurred promoting Plaintiff's product related to this transaction, which Plaintiff has failed to do.

6. Plaintiff has performed all conditions required of it under the parties' agreement.

**ANSWER:** Defendants deny the allegation in paragraph 6. Answering further, Cell Source states that Plaintiff failed to credit Cell Source for certain advertising costs incurred promoting Plaintiff's products relating to this transaction.

7. Defendants have failed to pay for $485,287.91 in batteries which were shipped to them pursuant to their parties' agreement.

**ANSWER:** Defendants deny the allegation in paragraph 7. Answering further, Defendants state that Plaintiff failed to credit Cell Source for certain advertising costs incurred promoting Plaintiff's product related to this transaction.

8. As a result, Plaintiff has been damaged.

**ANSWER:** Defendants denies the allegation in paragraph 8.

## MICHAEL J. LUNKES' AFFIRMATIVE DEFENSES

### I. MISTAKEN IDENTITY-MISJOINDER

1. Koyo mistakenly named and served Michael J. Lunkes. Michael J. Lunkes did not agree to any purchases on behalf of Cell Source and any agreement entered into with Koyo on behalf of Cell Source would have been executed by Michael T. Lunkes--the son of defendant Lunkes and an employee of Cell Source.

WHEREFORE, Lunkes requests that this Court dismiss him from this lawsuit and grant such other relief as this Court deems appropriate.

### II. NO PERSONAL LIABILITY FOR CORPORATE DEBTS

1. Lunkes is currently, and at the time of the alleged transactions was, an employee and officer of Cell Source.

2. Koyo was aware at all times that it was dealing with Cell Source in its corporate capacity and not its employees and/or officers in their individual capacities.

WHEREFORE, Lunkes requests that this Court dismiss him from this lawsuit and grant such other relief as this Court deems appropriate.

### III.   AGENTS ARE NOT LIABLE FOR DEBTS OF THEIR PRINCIPAL

1. Lunkes is currently, and at the time of the alleged transactions was, an employee and officer of Cell Source.

2. Koyo was aware at all times that it was dealing with Cell Source in its corporate capacity and not its employees and/or officers in their individual capacities.

WHEREFORE, Lunkes requests that this Court dismiss him from this lawsuit and grant such other relief as this Court deems appropriate.

## AFFIRMATIVE DEFENSES OF CELL SOURCE

### I.   SET OFF

1. Plaintiff agreed to credit or reimburse Cell Source for the costs associated with promoting Plaintiff's line of batteries.

2. Cell Source incurred advertising costs in the amount of $117,901.80 and Plaintiff has failed to credit or reimburse Cell Source for those costs.

WHEREFORE, Cell Source requests this Court enter judgment in its favor and against Plaintiff or grant such other relief as this Court deems appropriate.

### II.   BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

1. Koyo is a merchant in the business of selling various types of batteries, which sold certain batteries to Cell Source that were not merchantable, and as a result Cell Source suffered economic loss.

WHEREFORE, Cell Source requests this Court enter judgment in its favor and against Plaintiff or grant such other relief as this Court deems appropriate.

**Defendant demands trial by jury.**

Dated: February 6, 2008

Respectfully submitted,

MICHAEL J. LUNKES and CELL SOURCE DISTRIBUTION, INC.

By: *s/Joseph G. Bisceglia*
      One of their Attorneys

Joseph G. Bisceglia
Michael P. DiNatale
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, Illinois 60611
(312) 222-9350