IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KOYO BATTERY CO., LTD. | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2008 CV 274 |
| v. | ) | |
| | ) | |
| MICHAEL J. LUNKES and | ) | Jury Trial Demanded |
| CELL SOURCE DISTRIBUTION, INC. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR LEAVE TO FILE AN AMENDED
COMPLAINT AND TO ADD ADDITIONAL DEFENDANTS**

Plaintiff, KOYO BATTERY CO. LTD ("Koyo") states as follows as its Motion for Leave To File An Amended Complaint And To Add Additional Defendants:

1. Plaintiff requests leave to file the proposed Amended Complaint attached hereto as Exhibit A and to add as additional Defendants Michael T. Lunkes, William Lunkes, James Lunkes, and Illinois Battery Corporation.

2. Defendant has asserted an Affirmative Defense of "Mistaken Identify-Misjoinder" because certain of the relevant agreements in this were executed by "Michael *T*. Lunkes" and not "Michael *J*. Lunkes". Thus, the Complaint adds Michael T. Lunkes to the lawsuit and it also adds other Lunkes family members (William and James Lunkes who are Michael J. Lunkes' brother) and their closely related company, Illinois Battery Corporation.

3. This proposed amendment was diligently sought. The basis for adding William and James Lunkes and Illinois Battery Corporation was just learned last week Friday at the deposition of Michael J. Lunkes. This Motion was filed within four business days of that deposition.

1

4. Justice requires permitting an amendment. Plaintiff learned at that same deposition that Defendant Cell Source Distribution is an insolvent entity and that its assets have been improperly comingled with Illinois Battery Corporation. Furthermore, Cell Source Distribution was not treated as a separate corporation, but rather its shareholders (the Lunkes family) permitted it to be used to improperly benefit its shareholders--all to the detriment of creditors. In short, if an amendment is not permitted, there very likely will be no money available for Koyo Battery Co, Ltd. to receive pursuant to any judgment received in this case.

5. Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party. "[L]eave shall be freely given when justice so requires." In *Foman v. Davis*, 371 U.S. 178 (1962), the court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Id*. at 230. The court noted that a plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith or dilatory motive on the part of the movant, or repeated failure to cure deficiencies by amendments previously allowed. Although the District Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Id*. *See also, Bryant v. Dupree*, 252 F.3d 1161 (11th Cir. 2001)(a District Court's discretion to dismiss a complaint without leave to amend is "'severely restrict[ed]' by Fed. Rule Civ. P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.'"); *Dussouy v. Gulf Coast Investment, Corp.*, 660 F.2d 594, 597 (5th Cir. 1991) ("'[d]iscretion' may be a misleading term for rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.'"); *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597 (5th Cir. 1991). Likewise, in deciding whether to

allow an amendment to add additional parties pursuant to Federal Rule of Civil Procedure 21, "courts adhere to "the same standard of liberality afforded to motions to amend under Rule 15". *Sly Magazine, LLC v. Weider Publications L.L.C.* 241 F.R.D. 527, 532 (S.D.N.Y. 2007).

6. There are no reasons to deny Plaintiff's Motion. Defendants will not be prejudiced by the amendment; indeed, there has only been one deposition taken in this case and that was of Michael J. Lunkes. Likewise, this Motion was promptly brought. Denial of the Motion would result in a separate lawsuit, which would risk inconsistent outcomes and waste juridical resources.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests leave to file the attached Amended Complaint and to add Defendants Michael T. Lunkes, William Lunkes, James Lunkes, and Illinois Battery Corporation as Defendants.

Dated: May 6, 2008

Respectfully submitted,

KOYO BATTERY CO. LTD.

By: _____/s/ David Fish_____
    One of its attorneys

Stephen Hsu
LAW OFFICES OF STEPHEN HSU
2822 N. Ashland Avenue, #201
Chicago, IL 60657
(773) 244-1875

David J. Fish
THE FISH LAW FIRM, P.C.
1770 North Park Street, Suite 200
Naperville, Illinois 60563
(630) 355-7590

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KOYO BATTERY CO., LTD. ) | |
| ) | |
| Plaintiff, ) | Case No.: 2008 CV 274 |
| v. ) | |
| ) | |
| MICHAEL J. LUNKES and ) | Jury Trial Demanded |
| CELL SOURCE DISTRIBUTION, INC. and ) | |
| ILLINOIS BATTERY CORPORATION ) | |
| and MICHAEL T. LUNKES and WILLIAM ) | |
| LUNKES and JAMES LUNKES ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

Plaintiff, KOYO BATTERY CO. LTD ("Koyo") by and through its attorneys, David Fish and Stephen Hsu, and for its Complaint against Defendants state as follows:

## PARTIES

1.   Koyo is a Taiwanese company organized and existing under the laws of Taiwan. Koyo is, therefore, a citizen of Taiwan.

2.   Upon information and belief, each of the non-corporate Defendants (Michael J. Lunkes, Michael T. Lunkes, William Lunkes, and James Lunkes) are residents of the State of Illinois and are therefore citizens of Illinois. Defendant Cell Source is an Illinois corporation which was, until recently, identified as not being in good standing with the Illinois Secretary of State. Cell Source is, therefore, an Illinois citizen. Defendant Illinois Battery Corporation is an Illinois Corporation which lists its registered agent as being "revoked" with the Illinois Secretary of State.

## JURISDICTION and VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a) (2), based upon the complete diversity of citizenship of the parties and the amount in controversy exceeding the jurisdictional minimum of $75,000.

4. Venue is proper in this Judicial District because the Defendants reside in this Judicial District, because products were shipped into this Judicial District, and because Defendants breached their contractual obligations within this Judicial District.

## BREACH OF CONTRACT-COUNT I

5. Plaintiff and Defendant Cell Source Distribution and Michael T. Lunkes entered into legally binding contracts for the sale of batteries. The terms of the parties' contract required that Defendant Michael T. Lunkes and Cell Source Distribution pay the Plaintiff for batteries ordered.

6. Cell Source did not observe corporate formalities and was grossly undercapitalized and is not legally deserving of corporation protection. Likewise, Illinois Battery Corporation did not observe corporate formalities and regularly commingled funds and assets with Cell Source Distribution, including with regard to the purchase of Plaintiff's batteries. Accordingly, the Court should pierce the corporate veil and hold each of the Defendants liable for Cell Source's obligations. Each of the individual Defendants are shareholders or claims to be a shareholder in Cell Source Distribution.[1]

7. Plaintiff has performed all conditions required of it under the parties' agreement.

---

[1] Corporate formalities were so grossly disregarded that the Individual Defendants are currently in a dispute about who constitute the shareholders of Cell Source Distribution.

8. Defendants owe $485,287.91 for batteries that were shipped pursuant to their parties' agreement.

9. As a result, Plaintiff has been damaged.

## ACCOUNT STATED-COUNT II

10. Defendant Cell Source Distribution has acknowledged its legal obligations to pay Plaintiff for batteries that were received, it has acknowledged that the claimed outstanding balance by Plaintiff is accurate, and it has promised to pay Cell Source Distribution.

11. Cell Source did not observe corporate formalities and was grossly undercapitalized and is not legally deserving of corporation protection. Likewise, Illinois Battery Corporation did not observe corporate formalities and regularly commingled funds and assets with Cell Source Distribution, including with regard to the purchase of Plaintiff's batteries. Accordingly, the Court should pierce the corporate veil and hold each of the Defendants liable for Cell Source's obligations. Each of the individual Defendants are shareholders or claims to be a shareholder in Cell Source Distribution.[2]

12. Defendant Cell Source is legally obligated to pay for batteries in the amount of $485,287.91 and have acknowledged that this amount is owed, minus certain setoffs.

13. As a result, Plaintiff has been damaged.

## UNJUST ENRICHMENT-COUNT III

14. Defendant Cell Source Distribution and Illinois Battery Corporation received batteries from Plaintiff for which they did not pay. At all times, Defendants knew they would be obligated to pay for the batteries.

---

[2] Corporate formalities were so grossly disregarded that the Individual Defendants are currently in a dispute about who constitute the shareholders of Cell Source Distribution, although they all claim to be shareholders.

15. Cell Source did not observe corporate formalities and was grossly undercapitalized and is not legally deserving of corporation protection. Likewise, Illinois Battery Corporation did not observe corporate formalities and regularly commingled funds and assets with Cell Source Distribution including with regard to the purchase of Plaintiff's batteries. Accordingly, the Court should pierce the corporate veil and hold each of the Defendants liable for Cell Source's obligations. Each of the individual Defendants are shareholders or claims to be a shareholder in Cell Source Distribution.[3]

16. The reasonable value of the batteries that have not been paid for is $485,287.91. Accordingly, Defendants have unjustly retained a benefit to the Plaintiff's detriment, and that the Defendants' retention of the benefit violates the fundamental principles of justice, equity, and good conscience.

17. As a result, Plaintiff has been damaged.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against Defendants for $485,287.91, as well as for an award of prejudgment interest as allowed by law including 815 ILCS 205/2, an award of costs, and for such other relief as this Court deems appropriate.

---

[3] Corporate formalities were so grossly disregarded that the Individual Defendants are currently in a dispute about who constitute the shareholders of Cell Source Distribution, although they all claim to be shareholders.

**Plaintiff demands trial by jury.**

Dated:  May 8, 2008

Respectfully submitted,

KOYO BATTERY CO. LTD.

By: _____/s/ David Fish_____
                One of its attorneys

Stephen Hsu
LAW OFFICES OF STEPHEN HSU
2822 N. Ashland Avenue, #201
Chicago, IL 60657
(773) 244-1875

David J. Fish
THE FISH LAW FIRM, P.C.
1770 North Park Street, Suite 200
Naperville, Illinois 60563
(630) 355-7590