IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KOYO BATTERY CO., LTD. ) | |
| ) | |
| Plaintiff, ) | Case No.: 2008 CV 274 |
| v. ) | |
| ) | |
| MICHAEL J. LUNKES and ) | Jury Trial Demanded |
| CELL SOURCE DISTRIBUTION, INC. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION FOR PARTIAL
<u>SUMMARY JUDGMENT</u>**

Plaintiff Koyo Battery Co., LTD. states as follows in support of its Motion for Partial Summary Judgment:

1. Partial summary judgment is appropriate because Defendant Cell Source Distribution, Inc. admits to owing to Plaintiff $485,000.00, minus a set off of between $130,000 and $150,000. Thus, at this time, partial summary judgment is appropriate in the amount of $335,000.00 (i.e., $485,000 minus $150,000 allocated for the set off). *See* paragraphs 5 and 6 of the Statement of Material Facts In Support of Partial Summary Judgment.[1]

2. Federal Rule of Civil Procedure 56(a) allows for "summary judgment on all or part of the claim."

3. "Summary judgment is proper when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Fed. R. Civ. P 56(c). A genuine issue of material fact exists only if 'the evidence

---

[1] Plaintiff is not conceding that Defendant's set off is proper or owed, but rather that there is a sum of money ($335,000.00) to which there is no dispute and thus summary judgment is appropriate as to it.

1

is such that a reasonable jury could return a verdict for the nonmoving party.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The existence of a factual dispute is not sufficient to defeat a summary judgment motion, instead the non-moving party must present definite, competent evidence to rebut the summary judgment motion. *Butts v. Aurora Health Care, Inc.,* 387 F.3d 921, 924 (7th Cir. 2004)."

4. Furthermore, since Defendant Cell Source Distribution, Inc. admits to owing an undisputed sum, prejudgment interest should be awarded pursuant to 815 ILCS 205/2, which permits an award of interest at 5% for an unreasonable and vexatious delay of payment.

Wherefore, Plaintiff respectfully requests partial summary judgment in its favor and against Defendant Cell Source Distribution, Inc. in the amount of $335,000, plus prejudgment interest in the amount of 5% per annum, plus an award of its costs.

Dated: June 11, 2008

Respectfully submitted,
KOYO BATTERY CO., LTD

By:    /s/ David J. Fish
One of Its Attorneys

Stephen Hsu
LAW OFFICES OF STEPHEN HSU
2822 N. Ashland Avenue, #201
Chicago, IL 60657
(773) 244-1875

David J. Fish
THE FISH LAW FIRM, P.C.
1770 North Park Street, Suite 200
Naperville, Illinois 60563
(630) 355-7590