IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KOYO BATTERY CO., LTD. ) | |
| ) | |
| Plaintiff, ) | Case No.: 2008 CV 274 |
| v. ) | |
| ) | |
| MICHAEL J. LUNKES and ) | Jury Trial Demanded |
| CELL SOURCE DISTRIBUTION, INC. ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S LOCAL RULE 56.1(a)(3) STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, KOYO BATTERY CO. LTD ("Koyo") by and through its attorneys, David Fish and Stephen Hsu, states as follows as its Plaintiff's Local Rule 56.1(a)(3) Statement of Material Fact in Support of Motion for Partial Summary Judgment:

### DESCRIPTION OF THE PARTIES

1. Koyo is a Taiwanese company organized and existing under the laws of Taiwan. (Answer to Complaint, par. 1, attached as Exhibit A)

2. Defendant Cell Source Distribution, Inc. is an Illinois corporation. (Exhibit A at par. 2)

### FACTS SUPPORTING JURISDICTION and VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a) (2), based upon the complete diversity of citizenship of the parties and the amount in controversy exceeding the jurisdictional minimum of $75,000. (Exhibit A at par. 3)

4. Venue is proper in this Judicial District because the Defendants reside in this Judicial District and because products were shipped into this Judicial District. (Exhibit A at par. 4)

## **FACTS SUPPORTING PARTIAL SUMMARY JUDGMENT**[1]

5. Cell Source Distribution, Inc.'s President Michael Lunkes admits to owing $485,000 to Plaintiff. (Exhibit B, Lunkes Deposition, at pp. 6, 35):

    Q.    So you owe $485,000 to Koyo.
    A.    Right.

6. Cell Source Distribution, Inc. claims an offset (for advertising costs and credits for defective products) in the estimated amount of $130,000 to $150,000. (Exhibit B, p. 37; See also Exhibit A, Affirmative Defenses of Cell Source at p. 4 claiming a set off for advertising in the amount of $117,901.80).

7. Therefore, assuming Defendant's claimed set off in the light most favorable to it ($150,000), Defendant Cell Source Distribution, Inc. owes $335,000 to Plaintiff.

Dated: June 11, 2008

Respectfully submitted,

KOYO BATTERY CO. LTD.

By: _____/s/ David Fish_____
          One of its attorneys

Stephen Hsu
LAW OFFICES OF STEPHEN HSU
2822 N. Ashland Avenue, #201
Chicago, IL 60657
(773) 244-1875

David J. Fish
THE FISH LAW FIRM, P.C.
1770 North Park Street, Suite 202
Naperville, Illinois 60563
(630) 355-7590

---

[1] Nothing in this Statement should be construed as an admission that only $335,000 is owed to Plaintiff, that Defendant's claimed set off is valid, or that other parties, persons or entities are not also liable to Plaintiff for the amount of money claimed.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOYO BATTERY CO., LTD. ) | |
| ) | |
| Plaintiff, ) | Case No.: 08-C-274 |
| ) | |
| v. ) | Judge Conlon |
| ) | Magistrate Judge Valdez |
| MICHAEL J. LUNKES and ) | |
| CELL SOURCE DISTRIBUTION, INC. ) | Jury Trial Demanded |
| ) | |
| Defendants. ) | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants, MICHAEL J. LUNKES ("LUNKES") and CELL SOURCE DISTRIBUTION, INC. ("Cell Source")(collectively "Defendants") by and through their attorneys, JENNER & BLOCK LLP for their Answer and Affirmative Defenses to the Complaint against them by KOYO BATTERY CO., LTD. ("Koyo") state as follows:

### PARTIES

1. Koyo is a Taiwanese company organized and existing under the laws of Taiwan. Koyo is, therefore, a citizen of Taiwan.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation.

2. Defendant Lunkes resides in the state of Illinois and therefore is a citizen of Illinois. Defendant Cell Source is an Illinois corporation in bad standing with the Illinois Secretary of State. Cell Source is, therefore, an Illinois citizen.

**ANSWER:** Lunkes admits he resides in Illinois and is a citizen of Illinois. Cell Source admits that it is an Illinois corporation, but expressly denies that it is in bad standing with the Illinois Secretary of State. Cell Source admits it is an Illinois Citizen.



## JURISDICTION AND VENUE

3.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a) (2), based upon the complete diversity of citizenship of the parties and the amount in controversy exceeding the jurisdictional minimum of $75,000.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that complete diversity exists. Defendants admit that Plaintiff alleges damages in excess of $75,000.

4.     Venue is proper in this Judicial District because the Defendants reside in this Judicial District, because products were shipped into this Judicial District, and because Defendants breached their contractual obligations within this Judicial District.

**ANSWER:** Defendants admit they reside in this Judicial District and that certain products were shipped into this Judicial District. Defendants deny the remaining allegations in paragraph 4.

## BREACH OF CONTRACT-COUNT I

5.     Plaintiff and Defendants entered into a legally binding contract for the sale of batteries. The terms of the parties' contract required that Defendants pay the Plaintiff for batteries ordered.

**ANSWER:** Lunkes denies entering into a contract with Plaintiff and that he is personally required to pay Plaintiff any amounts. Cell Source admits that it entered into certain agreements with Plaintiff for the sale and purchase of batteries. Cell Source admits that the agreements required Cell Source to pay Plaintiff on certain terms. Answering further, Cell Source states that Plaintiff was required to credit Cell Source for certain advertising costs incurred promoting Plaintiff's product related to this transaction, which Plaintiff has failed to do.

2

6.  Plaintiff has performed all conditions required of it under the parties' agreement.

**ANSWER:** Defendants deny the allegation in paragraph 6. Answering further, Cell Source states that Plaintiff failed to credit Cell Source for certain advertising costs incurred promoting Plaintiff's products relating to this transaction.

7.  Defendants have failed to pay for $485,287.91 in batteries which were shipped to them pursuant to their parties' agreement.

**ANSWER:** Defendants deny the allegation in paragraph 7. Answering further, Defendants state that Plaintiff failed to credit Cell Source for certain advertising costs incurred promoting Plaintiff's product related to this transaction.

8.  As a result, Plaintiff has been damaged.

**ANSWER:** Defendants denies the allegation in paragraph 8.

## MICHAEL J. LUNKES' AFFIRMATIVE DEFENSES

### I.   MISTAKEN IDENTITY-MISJOINDER

1.  Koyo mistakenly named and served Michael J. Lunkes. Michael J. Lunkes did not agree to any purchases on behalf of Cell Source and any agreement entered into with Koyo on behalf of Cell Source would have been executed by Michael T. Lunkes--the son of defendant Lunkes and an employee of Cell Source.

WHEREFORE, Lunkes requests that this Court dismiss him from this lawsuit and grant such other relief as this Court deems appropriate.

### II.   NO PERSONAL LIABILITY FOR CORPORATE DEBTS

1.  Lunkes is currently, and at the time of the alleged transactions was, an employee and officer of Cell Source.

3

2.　Koyo was aware at all times that it was dealing with Cell Source in its corporate capacity and not its employees and/or officers in their individual capacities.

WHEREFORE, Lunkes requests that this Court dismiss him from this lawsuit and grant such other relief as this Court deems appropriate.

### III.　AGENTS ARE NOT LIABLE FOR DEBTS OF THEIR PRINCIPAL

1.　Lunkes is currently, and at the time of the alleged transactions was, an employee and officer of Cell Source.

2.　Koyo was aware at all times that it was dealing with Cell Source in its corporate capacity and not its employees and/or officers in their individual capacities.

WHEREFORE, Lunkes requests that this Court dismiss him from this lawsuit and grant such other relief as this Court deems appropriate.

### AFFIRMATIVE DEFENSES OF CELL SOURCE

### I.　SET OFF

1.　Plaintiff agreed to credit or reimburse Cell Source for the costs associated with promoting Plaintiff's line of batteries.

2.　Cell Source incurred advertising costs in the amount of $117,901.80 and Plaintiff has failed to credit or reimburse Cell Source for those costs.

WHEREFORE, Cell Source requests this Court enter judgment in its favor and against Plaintiff or grant such other relief as this Court deems appropriate.

### II.　BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

1.　Koyo is a merchant in the business of selling various types of batteries, which sold certain batteries to Cell Source that were not merchantable, and as a result Cell Source suffered economic loss.

4

WHEREFORE, Cell Source requests this Court enter judgment in its favor and against Plaintiff or grant such other relief as this Court deems appropriate.

**Defendant demands trial by jury.**

Dated: February 6, 2008

Respectfully submitted,

MICHAEL J. LUNKES and CELL SOURCE DISTRIBUTION, INC.

By: *s/Joseph G. Bisceglia*
One of their Attorneys

Joseph G. Bisceglia
Michael P. DiNatale
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, Illinois 60611
(312) 222-9350

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KOYO BATTERY CO., )
LTD., )
 )
        Plaintiff, )
 )  No. 08 C 274
    vs. )
 )
MICHAEL J. LUNKES and )
CELL SOURCE )
DISTRIBUTION, INC., )
 )
        Defendants. )

COPY

### DEPOSITION OF MICHAEL JOSEPH LUNKES
May 2, 2008 - 10:59 a.m.

Deposition taken pursuant to the applicable provisions of the Federal Rules of Civil Procedure pertaining to the taking of depositions, before Teresa S. Grandchamp, C.S.R., taken at 1770 North Park Street, Suite 202, Naperville, Illinois.

D-846708



Depo • Court
reporting service

630-983-0030 • Fax 630-907-9710
Email: depocourt@comcast.net

DUPAGE COUNTY
1212 S. Naper Blvd., Ste. 119-185
Naperville, IL 60540



EXHIBIT
B

KANE COUNTY
1051 Ketel Ave.
North Aurora, IL 60542

6

1           Q.    Okay.  And your brother is on the other
2    side of the dispute?
3           A.    **Two brothers.**
4           Q.    Two brothers.  Can you give me the names
11:01AM  5   of your brothers?
6           A.    **Certainly.  James Lunkes and William**
7    **Lunkes.**
8           Q.    And are you an officer of Cell Source?
9           A.    **I'm the president.**
11:01AM 10          Q.    You're the president.  Do you have any
11   other officer positions?
12          A.    **Oh, I'm secretary/treasurer, also.**
13          Q.    Okay.  Are you on the Board of
14   Directors?
11:02AM 15          A.    **I'm honestly not sure if -- yes, because**
16   **we have a Board of Directors and I would be a**
17   **board of director.**
18          Q.    You kind of hesitated with your answer.
19   Why is that?
11:02AM 20          A.    **Because I didn't know what kind of**
21   **corporation we were talking about for the moment**
22   **and I wasn't sure whether we actually had a Board**
23   **of Directors or, you know, we -- whether we named**
24   **people as Board of Directors or we just named them**

|  |  |  |
|---|---|---|
| | 1 | A.  Right, exactly. |
| | 2 | Q.  So you owe $485,000 to Koyo. |
| | 3 | A.  Right. |
| | 4 | Q.  But then there are also some -- |
| 11:42AM | 5 | A.  Offsets. |
| | 6 | Q.  -- some other numbers, some offsets. |
| | 7 | A.  Right. |
| | 8 | Q.  Why don't you tell me what those are. |
| | 9 | A.  Okay.  One of them, probably the biggest |
| 11:42AM | 10 | one, is that debt to the advertising company, |
| | 11 | Reese, R-e-e-s-e, and they're out of Pennsylvania, |
| | 12 | and the amount that we -- let me think.  The |
| | 13 | offsets for Reese is about $110,000, I'd say. |
| | 14 | Q.  And how do you come up with that amount? |
| 11:42AM | 15 | A.  Those are agreed-upon purchases that |
| | 16 | were made by CSD and paid for by CSD, and the |
| | 17 | agreed-upon part was that Koyo had agreed to |
| | 18 | reimburse or pay for those amounts. |
| | 19 | Q.  Was that just an oral agreement or was |
| 11:43AM | 20 | there anything in writing to that effect? |
| | 21 | A.  I believe that there were e-mails.  I |
| | 22 | don't know about faxes, but I believe there were |
| | 23 | e-mails to that effect. |
| | 24 | Q.  Okay.  So you believe you're owed a |

1   $110,000 credit for advertising purposes; correct?

2   A.   If that's -- yeah, I believe it's about
3   that.  I don't know exactly.

4   Q.   Okay.  And does that include amounts
5   that CSD has not -- not actually paid to the
6   advertising company?  I think you told me there is
7   a lawsuit or a -- there is an amount of money
8   owed.

9   A.   I didn't myself, but somebody must have,
10  and that's fine.  There is a lawsuit.  CS -- much
11  of the money paid to -- or owed to Reese was paid
12  for by CSD, and as I said, to my knowledge, there
13  was an agreement that that money would be
14  reimbursed from Koyo or Koyo would reimburse CSD
15  for those purchases.  And I don't know the exact
16  status on that, but I know that that was something
17  that had been discussed.

18  Q.   Okay.  Other than the approximately
19  $110,000 advertising credit, is there any other
20  credits that you believe are owed?

21  A.   Yeah.  There were some credits for
22  defective products that had been discussed and
23  should have been calculated, and I think that
24  that's one of the things that in the discussions

1    between the two companies, one, Michael, my son,
2    was saying, give us the credits, and Vicki from
3    Koyo was saying, I've given them to you or -- I
4    don't remember exactly, but there was a dispute
5    about the credits, the credits themselves.
6        Q.   Okay.  Do you have an estimate of what
7    the credits for defective products would be?
8        A.   Yeah.  I used to think that they were
9    probably around 20,000, but I think, and having
10   seen a couple of documents, that they might be as
11   high as 40,000 for product that wasn't good.
12       Q.   Okay.  Any other credits or offsets that
13   you believe you're entitled to?
14       A.   I can't think of any at the moment.
15       Q.   Okay.  So you believe off of the 485
16   that's owed to Koyo, there should be an offset of
17   somewhere between 130- to $150,000; is that fair?
18       A.   Uh-huh.
19       Q.   Yes?
20       A.   Sorry.  Yes.
21       Q.   Okay.  Does CSD maintain insurance?
22       A.   Yes.
23       Q.   Okay.  General liability insurance?
24       A.   Uh-huh.