IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KOYO BATTERY CO., LTD. | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:  2008 CV 274 |
| v. | ) | |
| | ) | |
| MICHAEL J. LUNKES and | ) | Jury Trial Demanded |
| CELL SOURCE DISTRIBUTION, INC. and | ) | |
| ILLINOIS BATTERY CORPORATION | ) | |
| and MICHAEL T. LUNKES and WILLIAM | ) | |
| LUNKES and JAMES LUNKES | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

Plaintiff, KOYO BATTERY CO. LTD ("Koyo") by and through its attorneys, David Fish and Stephen Hsu, and for its Complaint against Defendants state as follows:

## PARTIES

1.      Koyo is a Taiwanese company organized and existing under the laws of Taiwan. Koyo is, therefore, a citizen of Taiwan.

2.      Upon information and belief, each of the non-corporate Defendants (Michael J. Lunkes, Michael T. Lunkes, William Lunkes, and James Lunkes) are residents of the State of Illinois and are therefore citizens of Illinois.  Defendant Cell Source is an Illinois corporation which was, until recently, identified as not being in good standing with the Illinois Secretary of State.  Cell Source is, therefore, an Illinois citizen.  Defendant Illinois Battery Corporation is an Illinois Corporation which lists its registered agent as being "revoked" with the Illinois Secretary of State.

## JURISDICTION and VENUE

3.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a) (2), based upon the complete diversity of citizenship of the parties and the amount in controversy exceeding the jurisdictional minimum of $75,000.

4.     Venue is proper in this Judicial District because the Defendants reside in this Judicial District, because products were shipped into this Judicial District, and because Defendants breached their contractual obligations within this Judicial District.

## BREACH OF CONTRACT-COUNT I

5.     Plaintiff and Defendant Cell Source Distribution and Michael T. Lunkes entered into legally binding contracts for the sale of batteries.  The terms of the parties' contract required that Defendant Michael T. Lunkes and Cell Source Distribution pay the Plaintiff for batteries ordered.

6.     Cell Source did not observe corporate formalities and was grossly undercapitalized and is not legally deserving of corporation protection.  Likewise, Illinois Battery Corporation did not observe corporate formalities and regularly commingled funds and assets with Cell Source Distribution, including with regard to the purchase of Plaintiff's batteries.  Accordingly, the Court should pierce the corporate veil and hold each of the Defendants liable for Cell Source's obligations.   Each of the individual Defendants are shareholders or claims to be a shareholder in Cell Source Distribution.[1]

7.     Plaintiff has performed all conditions required of it under the parties' agreement.

8.     Defendants owe $485,287.91 for batteries that were shipped pursuant to their parties' agreement.

---

[1] Corporate formalities were so grossly disregarded that the Individual Defendants are currently in a dispute about who constitute the shareholders of Cell Source Distribution.

9.      As a result, Plaintiff has been damaged.

## ACCOUNT STATED-COUNT II

10.     Defendant Cell Source Distribution has acknowledged its legal obligations to pay Plaintiff for batteries that were received, it has acknowledged that the claimed outstanding balance by Plaintiff is accurate, and it has promised to pay Cell Source Distribution.

11.     Cell Source did not observe corporate formalities and was grossly undercapitalized and is not legally deserving of corporation protection.  Likewise, Illinois Battery Corporation did not observe corporate formalities and regularly commingled funds and assets with Cell Source Distribution, including with regard to the purchase of Plaintiff's batteries.  Accordingly, the Court should pierce the corporate veil and hold each of the Defendants liable for Cell Source's obligations.   Each of the individual Defendants are shareholders or claims to be a shareholder in Cell Source Distribution.[2]

12.     Defendant Cell Source is legally obligated to pay for batteries in the amount of $485,287.91 and have acknowledged that this amount is owed, minus certain setoffs.

13.     As a result, Plaintiff has been damaged.


## UNJUST ENRICHMENT-COUNT III

14.     Defendant Cell Source Distribution and Illinois Battery Corporation received batteries from Plaintiff for which they did not pay.   At all times, Defendants knew they would be obligated to pay for the batteries.

15.     Cell Source did not observe corporate formalities and was grossly undercapitalized and is not legally deserving of corporation protection.   Likewise, Illinois

---

[2] Corporate formalities were so grossly disregarded that the Individual Defendants are currently in a dispute about who constitute the shareholders of Cell Source Distribution, although they all claim to be shareholders.

Battery Corporation did not observe corporate formalities and regularly commingled funds and assets with Cell Source Distribution including with regard to the purchase of Plaintiff's batteries. Accordingly, the Court should pierce the corporate veil and hold each of the Defendants liable for Cell Source's obligations.   Each of the individual Defendants are shareholders or claims to be a shareholder in Cell Source Distribution.[3]

16.    The reasonable value of the batteries that have not been paid for is $485,287.91. Accordingly, Defendants have unjustly retained a benefit to the Plaintiff's detriment, and that the Defendants' retention of the benefit violates the fundamental principles of justice, equity, and good conscience.

17.    As a result, Plaintiff has been damaged.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against Defendants for $485,287.91, as well as for an award of prejudgment interest as allowed by law including 815 ILCS 205/2, an award of costs, for preliminary injunctive relief, and for such other relief as this Court deems appropriate.

---

[3] Corporate formalities were so grossly disregarded that the Individual Defendants are currently in a dispute about who constitute the shareholders of Cell Source Distribution, although they all claim to be shareholders.

**Plaintiff demands trial by jury.**

Respectfully submitted,

Dated:  June 16, 2008

KOYO BATTERY CO. LTD.

By:      _____/s/ David Fish_____
                    One of its attorneys

Stephen Hsu
LAW OFFICES OF STEPHEN HSU
2822 N. Ashland Avenue, #201
Chicago, IL 60657
(773) 244-1875

David J. Fish
THE FISH LAW FIRM, P.C.
1770 North Park Street, Suite 200
Naperville, Illinois 60563
(630) 355-7590