IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KOYO BATTERY CO., LTD., ) | |
| ) | |
| Plaintiff, ) | Case No: 08-C-274 |
| ) | |
| v. ) | Judge Conlon |
| ) | Magistrate Judge Valdez |
| MICHAEL J. LUNKES and ) | |
| CELL SOURCE DISTRIBUTION, INC. and ) | Jury Trial Demanded |
| ILLINOIS BATTERY CORPORATION ) | |
| and MICHAEL T. LUNKES and WILLIAM ) | |
| LUNKES AND JAMES LUNKES, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MICHAEL J. LUNKES, MICHAEL T. LUNKES AND CELL SOURCE DISTRIBUTION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AND COUNTERCLAIM**

Defendants, Michael J. Lunkes ("Michael J."), Michael T. Lunkes ("Michael T.") and Cell Source Distribution, Inc. ("Cell Source")(collectively "Defendants"), by and through their attorneys, and for their Answers and Affirmative Defenses to Plaintiff's Amended Complaint, and Cell Source's Counterclaim state as follows:

**PARTIES**

1.   Koyo is a Taiwanese company organized and existing under the laws of Taiwan. Koyo is, therefore, a citizen of Taiwan.

**ANSWER:**   Admit

2.   Upon information and belief, each of the non-corporate Defendants (Michael J. Lunkes, Michael T. Lunkes, William Lunkes, and James Lunkes) are residents of the State of Illinois and are therefore citizens of Illinois. Defendant Cell Source is an Illinois corporation which was, until recently, identified as not being in good standing with the Illinois Secretary of State. Cell Source is, therefore, an Illinois citizen. Defendant Illinois Battery Corporation is an Illinois Corporation which lists its registered agent as being "revoked" with the Illinois Secretary of State.

**ANSWER:**   Michael J. and Michael T. admit they each reside in Illinois and are citizens of Illinois.  Cell Source admits that it is an Illinois corporation and is an Illinois citizen. Cell Source denies any remaining allegations against it.  Defendants are without knowledge or sufficient information to form a belief as to the truth of the remaining allegations of paragraph 2 and therefore deny them.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a) (2), based upon the complete diversity of citizenship of the parties and the amount in controversy exceeding the jurisdictional minimum of $75,000.

**ANSWER:**   Admit

4. Venue is proper in this Judicial District because the Defendants reside in this Judicial District, because products were shipped into this Judicial District, and because Defendants breached their contractual obligations within this Judicial District.

**ANSWER:**   Defendants admit they reside in this Judicial District and that certain products were shipped into this Judicial District.  Defendants deny the remaining allegations in paragraph 4.

## BREACH OF CONTRACT-COUNT I

5. Plaintiff and Defendant Cell Source Distribution and Michael T. Lunkes entered into legally binding contracts for the sale of batteries. The terms of the parties' contract required that Defendant Michael T. Lunkes and Cell Source Distribution pay the Plaintiff for batteries ordered.

**ANSWER:**   Michael T. Lunkes denies entering into a contract with Plaintiff in his personal capacity and denies that he is personally required to pay Plaintiff any amounts.  Cell Source admits that it entered into certain agreements with Plaintiff for the sale and purchase of batteries.  Cell Source admits that the agreements required Cell Source to pay Plaintiff on certain terms.

Answering further, Cell Source states that Plaintiff was required to credit Cell Source for certain advertising costs incurred promoting Plaintiff's product related to this transaction, which Plaintiff has failed to do.  To the extent the allegations of paragraph 5 are addressed to Michael J. Lunkes, he denies each and every allegation.

6.     Cell Source did not observe corporate formalities and was grossly undercapitalized and is not legally deserving of corporation protection. Likewise, Illinois Battery Corporation did not observe corporate formalities and regularly commingled funds and assets with Cell Source Distribution, including with regard to the purchase of Plaintiff's batteries. Accordingly, the Court should pierce the corporate veil and hold each of the Defendants liable for Cell Source's obligations. Each of the individual Defendants are shareholders or claims to be a shareholder in Cell Source Distribution.[1]

**ANSWER:**    Defendants deny that Cell Source did not observe corporate formalities and denies it was undercapitalized.  Defendant's deny that the Court should pierce the corporate veil and hold each of the Defendants personal liability for any future judgment.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 and therefore denies each and every remaining allegation.

7.     Plaintiff has performed all conditions required of it under the parties' agreement.

**ANSWER:**    Defendants deny the allegations in paragraph 7.  Answering further, Cell Source states that Plaintiff failed to credit Cell Source for certain advertising costs incurred promoting Plaintiff's products relating to this transaction.

8.     Defendants owe $485,287.91 for batteries that were shipped pursuant to their [sic] parties' agreement.

**ANSWER:**    Defendants deny the allegation in paragraph 8.  Answering further, Cell Source

---

[1] Corporate formalities were so grossly disregarded that the Invidivual Defendants are currently in a dispute about who constiture the shareholders of Cell Source Distribution.

states that Plaintiff failed to credit Cell Source for certain advertising costs incurred promoting Plaintiff's products relating to this transaction.

9. As a result, Plaintiff has been damaged.

**ANSWER:** Defendants deny the allegation in paragraph 9.

## ACCOUNT STATED-COUNT II

10. Defendant Cell Source Distribution has acknowledged its legal obligations to pay Plaintiff for batteries that were received, it has acknowledged that the claimed outstanding balance by Plaintiff is accurate, and it has promised to pay Cell Source Distribution.

**ANSWER:** Defendants deny the allegations in paragraph 10. Answering further, Cell Source states that Plaintiff failed to credit Cell Source for certain advertising costs incurred promoting Plaintiff's products relating to this transaction.

11. Cell Source did not observe corporate formalities and was grossly undercapitalized and is not legally deserving of corporation protection. Likewise, Illinois Battery Corporation did not observe corporate formalities and regularly commingled funds and assets with Cell Source Distribution, including with regard to the purchase of Plaintiff's batteries. Accordingly, the Court should pierce the corporate veil and hold each of the Defendants liable for Cell Source's obligations. Each of the individual Defendants are shareholders or claims to be a shareholder in Cell Source Distribution.[2]

**ANSWER:** Defendants deny that Cell Source did not observe corporate formalities and denies it was undercapitalized. Defendant's deny that the Court should pierce the corporate veil and hold each of the Defendants personal liability for any future judgment. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 and therefore denies each and every remaining allegation.

---

[2] Corporate formalities were so grossly disregarded that the Invidivual Defendants are currently in a dispute about who constiture the shareholders of Cell Source Distribution, although they all claim to be shareholders.

12. Defendant Cell Source is legally obligated to pay for batteries in the amount of $485,287.91 and have acknowledged that this amount is owed, minus certain setoffs.

**ANSWER:** Cell Source admits that the total value of the batteries ordered was $485, 287.91, but denies that it is obligated to pay that amount. Answering further, Cell Source states that Plaintiff failed to credit Cell Source for certain advertising costs incurred promoting Plaintiff's products relating to this transaction.

13. As a result, Plaintiff has been damaged.

**ANSWER:** Defendants deny the allegations in paragraph 13.

### UNJUST ENRICHMENT-COUNT II

14. Defendant Cell Source Distribution and Illinois Battery Corporation received batteries from Plaintiff for which they did not pay. At all times, Defendants knew they would be obligated to pay for the batteries.

**ANSWER:** Cell Source admits receiving batteries from Plaintiff.

15. Cell Source did not observe corporate formalities and was grossly undercapitalized and is not legally deserving of corporation protection. Likewise, Illinois Battery Corporation did not observe corporate formalities and regularly commingled funds and assets with Cell Source Distribution including with regard to the purchase of Plaintiff's batteries. Accordingly, the Court should pierce the corporate veil and hold each of the Defendants liable for Cell Source's obligations. Each of the individual Defendants are shareholders or claims to be a shareholder in Cell Source Distribution.[3]

**ANSWER:** Defendants deny that Cell Source did not observe corporate formalities and denies it was undercapitalized. Defendant's deny that the Court should pierce the corporate veil and hold each of the Defendants personal liability for any future judgment. Defendants lack

---

[3] Corporate formalities were so grossly disregarded that the Invidivual Defendants are currently in a dispute about who constiture the shareholders of Cell Source Distribution, although they all claim to be shareholders.

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 and therefore denies each and every remaining allegation.

      16.    The reasonable value of the batteries that have not been paid for is $485,287.91. Accordingly, Defendants have unjustly retained a benefit to the Plaintiffs detriment, and that the Defendants' retention of the benefit violates the fundamental principles of justice, equity, and good conscience.

**ANSWER:**    Defendants deny the allegations in paragraph 16.

      17.    As a result, Plaintiff has been damaged.

**ANSWER:**    Defendants deny the allegations in paragraph 17.

### **AFFIRMATIVE DEFENSES OF MICHAEL T. AND MICHAEL J. LUNKES**

### **I. NO PERSONAL LIABILITY FOR CORPORATE DEBTS**

1. Michael T. and Michael J. Lunkes are currently, and at all times relevant to the alleged transactions were, employees and/or officers of Cell Source.

2. Koyo was aware at all times relevant to the alleged transactions that it was dealing with Cell Source in its corporate capacity and not its employees and/or officers in their individual capacities.

WHEREFORE, Michael T. and Michael J. Lunkes respectfully request that this Court enter judgment in their favor and against Plaintiff and grant such other relief as this Court deems appropriate.

## II.    AGENTS ARE NOT LIABLE FOR DEBTS OF THEIR PRINCIPAL

1. Michael T. and Michael J. Lunkes are currently, and at all times relevant to the alleged transactions were employees and/or officers of Cell Source.

2. Koyo was aware at all times relevant to the alleged transactions that it was dealing with Cell Source in its corporate capacity and not its employees and/or officers in their individual capacities.

WHEREFORE, Michael T. and Michael J. Lunkes respectfully request that this Court enter judgment in their favor and against Plaintiff and grant such other relief as this Court deems appropriate.

## AFFIRMATIVE DEFENSES OF CELL SOURCE

### I.    SET OFF

1. Plaintiff agreed to credit or reimburse Cell Source for the costs associated with promoting Plaintiff's line of batteries.

2. Cell Source incurred advertising costs in the amount of approximately $117,901.80 and Plaintiff has failed to credit or reimburse Cell Source for those costs.

### II.    BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY

1. Koyo is a merchant in the business of selling various types of batteries, which sold certain batteries to Cell Source that were not merchantable, and as a result Cell source suffered economic loss.

WHEREFORE, Cell Source respectfully request that this Court enter judgment in its favor and against Plaintiff and grant such other relief as this Court deems appropriate.

## COUNTERCLAIM OF CELL SOURCE-BREACH OF CONTRACT

Counterclaim Plaintiff Cell Source Distribution, Inc. ("Cell Source"), by an through its attorneys, Jenner & Block, LLP, for its Counterclaim against Koyo Battery Co. ("Koyo"), states as follows:

### Parties

1. Cell Source is an Illinois corporation engaged in the wholesale distribution of automotive and motorcycle batteries with its principal place of business in Chicago, IL

2. On information and belief Koyo is organized under the law of Taiwan and its principal place of business is in Taiwan.

### Jurisdiction and Venue

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a) (2), based upon the complete diversity of citizenship of the parties and the amount in controversy exceeding the jurisdictional minimum of $75,000.

### Count I-Breach of Contract

4. Cell Source and Koyo agreed that Cell Source would be the exclusive distributor of Koyo products in North America.

5. After entering into this agreement, Cell Source discovered that Koyo was selling its products to other North American distributors and at more competitive pricing.

6. As a result, existing and prospective customers of Cell Source purchased batteries from other distributors instead of buying Koyo Batteries from Cell Source.

7. As a result of Plaintiff's breach, Cell Source has been damaged in excess of $75,000.

WHEREFORE, Cell Source respectfully requests this Court enter judgment in its favor and against Plaintiff and grant such other relief as this Court deems appropriate.

Dated: June 30, 2008                          Respectfully submitted,

                                              MICHAEL J. LUNKES, MICHAEL T. LUNKES
                                              and CELL SOURCE DISTRIBUTION, INC.


                                              By:  /s/ Joseph G. Bisceglia
                                                   One of their Attorneys

Joseph G. Bisceglia (ARDC #213535)
Michael P. DiNatale (ARDC#6289371)
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, Illinois  60611
(312) 222-9350

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Defendants' Answer and Affirmative Defenses to Plaintiff's Amended Complaint and Defendant' Counterclaim was served on all counsel of record via email and ECF on June 30, 2008.

Dated: June 30, 2008              Respectfully submitted,


                                  MICHAEL J. LUNKES, MICHAEL T. LUNKES
                                  and CELL SOURCE DISTRIBUTION, INC.


                                  By:__/s/ Joseph G. Bisceglia___
                                          One of their Attorneys

Joseph G. Bisceglia (ARDC #213535)
Michael P. DiNatale (ARDC#6289371)
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, Illinois  60611
(312) 222-9350