IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOYO BATTERY CO., LTD. | ) |
| | ) |
| Plaintiff, | ) |
| | )   Case No. 2008 CV 274 |
| vs. | ) |
| | )   Judge Conlon |
| MICHAEL J. LUNKES and | ) |
| CELL SOURCE DISTRIBUTION, INC., | )   Magistrate Judge Valdez |
| and ILLINOIS BATTERY CORPORATION | ) |
| and MICHAEL T. LUNKES and WILLIAM | )   Jury Trial Demanded |
| LUNKES and JAMES LUNKES | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORADUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants, Michael J. Lunkes and Cell Source Distribution ("Cell Source")(collectively "Defendants"), by their attorneys, Jenner & Block, LLP, respectfully submit this Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment ("Motion").[1]

---

[1] The Defendants are responding to Plaintiff's Motion despite Plaintiff failing to meet its Local Rule 56.1 obligations. The Seventh Circuit "repeatedly affords district court's discretion to require strict compliance with its local rules governing summary judgment." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). Local Rule 56.1 requires that the moving party in a summary judgment motion serve and file "a supporting memorandum of law . . . ." L.R. 56.1(a)(2). A memorandum of law supporting a summary judgment should contain a fact and analysis section, "simply setting out the legal standards and citing case law is insufficient to support an argument in summary judgment." *Malec v. Sanford*, 191 F.R.D. 581, 585-86 (N.D. Ill. 2000). In this case, it is unclear whether the Plaintiff intended to file a supporting memorandum of law. The Plaintiff has served and filed two documents; 1) a two page motion containing no statement of facts or analysis of case law (Pl.'s Sum. Jud. Motion)(Docket 26), and 2) a statement of material facts (Pl.'s 56.1 Stat.) The two-page motion lacks the fact and analysis section that should be contained in a memorandum of law. (Pl.'s Sum. Jud. Motion.)(Docket 29)  Thus, because the Plaintiff's two-page motion lacks case law analysis supporting its claim, and instead merely sets out the legal standard for summary judgment, it fails to comply with Local Rule 56.1, and should be stricken.

**Background**

This matter arises from the alleged breach of certain contracts entered into between Cell Source and Plaintiff. This lawsuit was originally filed January 11, 2008 (Docket 1). Plaintiff filed its Motion for Partial Summary Judgment on June 11, 2008. (Docket 26) pursuant to the Court's initial scheduling order. (Docket 19). Subsequently, the Plaintiff filed an Amended Complaint adding three additional individual defendants, including another Cell Source employee and one additional corporate defendant. (Docket 30). The Defendants have admitted entering into certain contracts, but continue to deny the amount the Plaintiff claims it is owed. (Answer, Exhibit A at 5)[2]. Cell Source has raised the affirmative defenses of set-off, as a result of the breach of an agreement by Koyo to reimburse Cell Source for certain expenses, and breach of implied warranty of merchantability. This continued dispute over the outstanding amounts supports the denial of Plaintiff's Motion.

**Summary of Argument**

Summary judgment is inappropriate because a genuine dispute exists as to the alleged amount of damages plaintiff may be entitled to. Michael J. Lunkes' speculative testimony given without personal knowledge creates a genuine issue of material fact. The Plaintiff's assertion that no dispute exists as to $335,000.00 is erroneous and based on an estimate. (Pl.'s 56.1 Stat. ¶¶ 5-6.) Plaintiff relies solely on Michael J. Lunkes' deposition, but in the very passage cited by Plaintiff, Michael J. Lunkes explicitly stated that he was merely estimating (M.J. Lunkes Dep., Exhibit B, at 36 ¶¶1-3; CSD Response to 56.1 ¶¶5-7) and repeatedly stated that he had little or no personal dealing with the Plaintiff. *See e.g.* (Ex. B at 32 ¶¶19-24; 33 ¶¶1-8; 37; 106 ¶¶15-21;

---

[2] All Exhibit identifications refer to the exhibits attached to Defendants' Response to Plaintiff's Rule 56.1 Statement of Material Facts, unless otherwise noted. Answer refers to the original Answer in this action filed by Cell Source and Michael J. Lunkes (Docket 13).

109 ¶¶3-8)(CSD Response to 56.1 ¶¶5-7).  As evidenced by the affidavit of Cell Source manager Michael *T.* Lunkes (Defendants Resp. to 56.1 Ex. C), Cell Source's claimed set-offs greatly exceed the estimate given by Michael *J.* Lunkes.  Moreover, summary judgment is premature because the record does not measure with the necessary precision either Plaintiff's alleged damages or the amount of Defendant Cell Source's set-offs.  In addition, the Plaintiff's claim for statutory prejudgment interest is unwarranted because there is no basis in the record to establish without dispute what amount Plaintiff may be owed-- let alone whether Defendant Cell Sources refusal to pay is "unreasonable and vexatious."

## Relevant Standard

This Court must construe the pleadings, depositions, and affidavits strictly against the Plaintiff, the movant, and liberally in favor of the Defendants.  *Griffin v. Thomas*. 929 F.2d 1210, 1212 (7th Cir. 1991).  Summary judgment is "a drastic means of disposing of litigation and should be granted only when 'the right to it is free from doubt." *Allstate Ins. Co. v. Tucker*, 178 Ill. App. 3d 809, 812, 533 N.E.2d 1004, 1007, 127 Ill. Dec. 922, 925 (1st Dist. 1989). Where, as here, there are doubts as to whether a genuine issue of material fact exists, the Court must resolve these doubts in favor of the non-moving party and summary judgment must be denied. *Staren v. American National Bank & Trust Company of Chicago,* 529 F.2d 1257, 1261 (7th Cir. 1976).  In cases such as this, where the court lacks all of the pertinent facts, and "the record shows, [] that genuine issues of fact exist and that the evidence on those issues is conflicting, of uncertain weight, in part incompetent, and itself susceptible of various interpretations . . . ," summary judgment is improper.  *Am. Securit Co. v. Hamilton Glass Co., Inc.*, 254 F.2d 889, 892-93 (7th Cir. 1958).

**Argument**

**I.    Partial Summary Judgment is Inappropriate Because a Genuine Dispute as to the Potential Amount of Damages Exists.**

There is a genuine issue of material fact regarding the damages and therefore summary judgment is improper. Michael J. Lunkes testimony on damages is filled with mere speculations formed through second-hand interactions, and does not amount to the undisputed and doubt-free standards the court requires for summary judgment. *See Bank of Illinois v. Allied Signal Safety Restraint Sys.*, 75 F.3d 1162, 1167 (7th Cir. 1996). Second, summary judgment is premature because the parties have not concretely measured the damages and set-offs.

**A.    Summary Judgment is Inappropriate Because Michael J. Lunkes' Speculative Testimony Given Without Personal Knowledge Creates a Genuine Issue of Material Fact**

Summary judgment is inappropriate because a genuine issue of material fact exists as to whether Plaintiff is entitled to a $335,000 judgment. Summary judgment does not permit the court to weigh the testimony in a witness's deposition. *Am. Securit Co. v. Hamilton Glass Co., Inc.*, 254 F.2d 889, 894 (7th Cir. 1958). Instead, a trier of fact, and not the Court on a motion for summary judgment, must resolve issues concerning the credibility and the weight of the evidence. *Bank of Illinois v. Allied Signal Safety Restraint Sys.*, 75 F.3d 1162, 1170 (7th Cir. 1996). When, as in this case, the witness's memory or knowledge is insufficient, the trier of fact must weigh their statements to determine whether they are credible. *Bank of Illinois,* 75 F.3d at 1170. The weight given to testimony given by a person with limited "knowledge of the things about which he is interrogated" is a decision best made by a trier of fact and is not appropriate at the summary judgment stage. *Am. Securit Co.*, 254 F.2d at 894. Summary judgment is improper in this case because the testimony of Michael J. Lunkes' relied upon is not based on personal

knowledge, and is only an estimate. Thus a genuine issue as to the actual measure of damages exists.

There is no dispute that Michael J. Lunkes was not personally involved in any of the transactions with Plaintiff.[3]  (Ex. B at 32 ¶¶19-24; 33 1-8; 106 ¶¶15-21); *see Am. Securit Co.*, 254 F.2d at 894(holding that the weight to be given to testimony given by a party that was not based "upon his knowledge of the things about which he is interrogated" is best left for a trier of fact).  In his deposition, Michael *J.* Lunkes stated that all of his statements concerning the amount of the set-offs were estimates based on his vague memory of conversations he had with his son, Michael *T.* Lunkes, an employee of Defendant Cell Source, and from seeing "a couple of [uninspected and unidentified] documents." (Ex. B at ¶¶ 37;  70  ¶¶ 18-23; 70 ¶¶ 18-23; 109 ¶¶15-21.) Additionally, Michael J. Lunkes stated that he never got involved with "e-mailing faxing and talking on the phone [with Plaintiff Koyo] about what's going to be paid and when it's going to be paid . . ." (Ex. B. at 33 ¶1-5.)  Instead, he stated that his son, Michael T. Lunkes, makes those decisions.  (Ex. B at 33 ¶¶ 6-10.)   In fact, the figure being used to calculate the credit for defective batteries is an estimate based on information Michael J. Lunkes merely overheard concerning the poor quality of Plaintiff's product.  (Ex. B 109 ¶¶ 3-8.)  Such estimates carry little weight when the deponent lacks personal knowledge, but the determination of how much weight the testimony should be given is an issue for the trier of fact, and therefore summary judgment is improper.  *See Am. Securit Co.*, 254 F.2d at 894.  In the deposition

---

[3] Dep. at 106 ¶¶15-21.
Q: Okay. So whatever information you have about the amount of the setoff --
A. Right.
Q.  -- comes from other people; is that right? You didn't participate personally in any of those conversations?
A. Absolutely not. Right, that's correct.

5

Michael J. Lunkes estimated the damages because he was asked to (Ex. B. at 34 ¶¶ 14-15) and because he did not know the exact amount of damages that were owed. (Ex. B at 36 ¶1-3.)  Nor was Michael J. Lunkes' testimony given pursuant to Fed. R. Civ. P. 30(b)(6).  As a result, neither he, nor Cell Source, represented that he was the person at the company most knowledgeable about the subject matter of the lawsuit, or that his testimony would bind the company in that regard. Moreover, even in a Rule 30(b)(6) deposition, the Seventh Circuit has held that the testimony does not constitute a judicial admission, and the company is free to introduce other evidence to contradict testimony given by its corporate representative.  *See A.I. Credit Corp. v. Legion Insurance Co.,* 265 F.3d 630, 637 (7th Cir. 2001).

Further, Michael *T.* Lunkes in his affidavit (Ex. C) has affirmatively stated that *he* was the Cell Source employee with direct responsibility for discussing and negotiating with Plaintiff with regard to the transactions at issue.  (Ex. C at ¶ 2).  Michael T. Lunkes affirmatively states that the estimated amount of set-offs that his father, Michael J. Lunkes, provided was inaccurate and that in fact Cell Source is entitled to set-offs in addition to Michael J.'s estimates. (Ex. C at ¶¶ 5-8).  The testimony of Michael T. Lunkes, the Cell Source employee with actual first-hand knowledge of the transactions at issue, raises a triable fact issue as to the amount of Cell Source's potential set-offs.

Therefore, because the doubts as to the estimated amount owed to the Plaintiff must be resolved in favor of the non-moving party, and because Michael J. Lunkes' testimony is speculative and therefore must be weighed by a trier of fact, and because the testimony of Michael *T.* Lunkes creates an issue of fact as the proper amount of damages and set-offs, summary judgment is inappropriate.  *See Kinzer ex rel. City of Chicago.,* 273 Ill. App. 3d at 224, 652 N.E.2d at 29.

### B.    Summary Judgment is Premature Because Parties Have Not Determined the Concrete Measure of Damages and Set-Offs

Plaintiff's motion should be denied because where damages are only estimated, summary judgment on damages is inappropriate. *Pioneer Bank & Trust Co. v. Resolution Trust. Corp.*, No. 91 C 6292, 1995 WL 324578, at *3 (N.D. Ill. 1995)(attached hereto as Ex. D). Plaintiff's motion is premature and should be dismissed because materials presented during ongoing discovery may prove that the potential set-offs exceed the Plaintiff's estimates. The Court cannot properly dispose of an issue without critically examining the entire record. *See Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 478 (1982). Summary judgment on damages is improper when, as here, the parties have not sufficiently briefed the "damages issue, including any applicable set-offs, attorney's fees, and costs." See *TruServ Corp. v. Flegles Inc.*, No 03 C 3284, 2004 WL 2203429, at *2 (N.D. Ill. 2004), *aff'd*, 419 F.3d 584 (7th Cir. 2005) (awarding damages only after the parties submitted a briefing on damages, which included a detailed list of transactions and set-offs).

Plaintiff's only evidence that the damages are undisputed is non-30(b)(6) deposition that contains doubt and mere speculation. *See, e.g.,* (Ex. B at 34 ¶¶ 14-15; 34 ¶16-18; 36-37; 37 6-11; 106 15-21.) Indeed, the Plaintiff's Motion is not supported by invoices or any other documentary evidence to support Plaintiff's assertion that the amount of damages is undisputed. In order for the plaintiff to obtain summary judgment on damages more concrete evidence is required. *See Pioneer Bank & Trust Co.,* 1995 WL 324578 *3 (finding that because damages were estimated that partial summary judgment on damages was inappropriate). Further, Cell Source has provided the affidavit of Michael T. Lunkes, which affirmatively states that Cell Source may be entitled to set-offs well in excess of the estimates provided by Michael J. Lunkes.

7

(Ex. C ¶¶8-9). Michael T. Lunkes had direct involvement with Koyo and has first-hand personal knowledge of the transactions in dispute. Therefore, because the parties dispute the issue of damages, and because potential set-offs may greatly exceed the Plaintiff's estimates, there is a genuine issue of material fact as to the damages. Therefore, summary judgment is unwarranted.

**II.     Prejudgment Interest is Not Appropriately Awarded on Summary Judgment.**

Section 2 of the Illinois Interest Act provides in relevant part that "[c]reditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing . . . on money withheld by an unreasonable and vexatious delay of payment." 815 ILCS 205/2. Illinois courts may not award prejudgment interest unless there is an instrument in writing and *a fixed or readily ascertainable amount of debt*. *Arthur Pierson & Co., Inc. v. Provimi Veal Corp*, 887 F.2d 837, 840 (7th Cir. 1989)(emphasis added).

Here an award of prejudgment interest is improper because the Plaintiff has not and cannot show on the record presented that a fixed amount of undisputed damages exists. In *TruServ Corp. v. Flegles Inc.,* the trial court awarded the plaintiff prejudgment interest only after the parties had submitted detailed briefs of the transactions, carefully calculated the damages and set-offs, and the court determined the damages. 2004 WL 2203429 *2. In contrast, here, the only damage calculations is based on the estimates of one deponent who repeatedly stated that he had limited knowledge of the subject and Plaintiff's oversimplified determination of damages. (Pls. 56.1 State. ¶¶6-7)(Ex. B at 106 ¶¶15-21). In fact, Plaintiff has failed to submit any documentary or concrete information regarding damages. (Pl.'s 56.1 State ¶¶6-7)(estimating the set-off as between $130,000-150,000.) Additionally, Cell Source has provided the affidavit of Michael T.

Lunkes, which affirmatively states that Cell Source may be entitled to additional set-offs of approximately $87,000.  (Ex. C ¶8).

It is improper for the Court to award prejudgment interest under 815 ILCS 205/2 on a summary judgment motion because whether delay in payment was "unreasonable and vexatious" is a matter for the trier of fact and is inappropriate for summary judgment. *Telemark Development Group, Inc. v. Mengelt*, 313 F.3d 972, 986 (7th Cir. 2002).  An honest dispute regarding payment does not create an unreasonable and vexatious delay; instead, for the Plaintiff to succeed, they must prove that the Defendants have created obstacles to the collection of the damages, or that the Defendant's conduct is tantamount to fraud.  *See Arthur Pierson & Co., Inc.*, 887 F.2d at 840.  No such evidence is presented here. Thus, because the Court lacks any fixed amount, and because the issue of whether delay is unreasonable and vexatious, is a question that must be resolved by the trier of fact, summary judgment is improper.

**III.    The Partial Summary Judgment Requested by Plaintiff Serves No Useful Purpose**

Plaintiff's request that judgment be entered now for a portion of the damages it will continue to seek in this action, under the same contract and based on the same claims, is inappropriate and premature.  The issue of whether Plaintiff is owed money, and if so, how much based on defendant Cell Source's set-offs, should be property and precisely determined in the same proceedings.  There is no need, or basis, for entry of a "partial" money judgment now, and then, if Plaintiff prevails later, another "supplemental" judgment. The procedure suggested is a waste of the litigants', and this Court's, resources and serves no useful purpose. *See Taylor v. Bekin Van Lines, Co.*, No. 95 C 2886, 1996 WL 140004 (N.D. Ill. Jan. 12, 1996)(Conlon, J.)(attached as Ex. F)(holding that allowing a motion for summary judgment on only portions of

claims "would contravene the purposes of [a] motion for summary judgment, namely judicial efficiency").

## CONCLUSION

Wherefore, Defendants respectfully requests this court to deny Plaintiff's Motion for Partial Summary Judgment.

Dated: June 30, 2008

Respectfully submitted,

Michael J. Lunkes, Michael T. Lunkes and Cell Source Distribution, Inc.

By: /s/ Joseph G. Bisceglia
One of his Attorneys

Joseph G. Bisceglia
Michael P. DiNatale
Jenner & Block LLP
330 North Wabash
Chicago, Illinois 60611
312-222-9350

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT was served on all counsel of record via email and ECF on June 30, 2008.

Dated: June 30, 2008                                        Respectfully submitted,


                                                 MICHAEL J. LUNKES, MICHAEL T. LUNKES
                                               and CELL SOURCE DISTRIBUTION, INC.


                                             By:__/s/ Joseph G. Bisceglia___
                                                    One of their Attorneys

Joseph G. Bisceglia (ARDC #213535)
Michael P. DiNatale (ARDC#6289371)
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, Illinois  60611
(312) 222-9350