IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KOYO BATTERY CO., LTD. | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2008 CV 274 |
| v. | ) | |
| | ) | |
| MICHAEL J. LUNKES and | ) | Jury Trial Demanded |
| CELL SOURCE DISTRIBUTION, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Koyo Battery Co., LTD. states as follows in support of its Motion for Leave To File A Reply In Support of Its Motion for Partial Summary Judgment:

1. The Court's briefing schedule on Plaintiff's Motion for Partial Summary Judgment did not provide Plaintiff with an opportunity to file a reply in support of its Motion. Plaintiff has prepared the attached Plaintiff's Reply in Support of its Motion for Partial Summary Judgment, which is attached as Exhibit A. Plaintiff requests leave to file the attached Exhibit A which Plaintiff, respectfully, believes will assist the Court in deciding the issues raised in the summary judgment briefing.

Wherefore, Plaintiff respectfully requests that is be grated leave to file the attached Exhibit A.

Dated: July 7, 2008                    Respectfully submitted,
                                        KOYO BATTERY CO., LTD

                                  By:   /s/ David J. Fish
                                        One of Its Attorneys

Stephen Hsu
LAW OFFICES OF STEPHEN HSU
2822 N. Ashland Avenue, #201
Chicago, IL 60657
(773) 244-1875

David J. Fish
THE FISH LAW FIRM, P.C.
1770 North Park Street, Suite 200
Naperville, Illinois 60563

1

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KOYO BATTERY CO., LTD. ) | |
| ) | |
| Plaintiff, ) | Case No.: 2008 CV 274 |
| v. ) | |
| ) | |
| ) | Jury Trial Demanded |
| CELL SOURCE DISTRIBUTION, INC. et al ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION**
**FOR PARTIAL SUMMARY JUDGMENT**

Koyo sought partial summary judgment of $335,000.00. This amount credited as a set-off 100% of the amount that Cell Source's President claimed was appropriate. Cell Source now claims (through the President's son) that "Cell Source is entitled to an additional set-off of appropriately $87,000.00 as a result of defective FA/SLA batteries." (See Affidavit Michael T. Lunkes, attached as Exhibit C to Defendant's Statement of Material Facts).

**I.   Cell Source Has Failed To Meet Its Burden To Show How An Additional $87,000 Set-Off Is Quantified.**

Cell Sources provides no explanation or quantification of how the additional $87,000.00 set-off figure is compounded, *despite this being Cell Source's burden to demonstrate*. To the contrary, Cell Source has admitted that it has not even reviewed all of the relevant transactions. ("Although as of this time I have not reviewed all of the transactions at issue, based upon my personal involvement with Koyo and with disgruntled customers, I believe Cell Source is entitled to an additional set-off of approximately $87,000.00 as a result of the defective FA/SLA batteries." Affidavit of Lunkes at par. 8, attached to Exhibit to Defendant's Response to Plaintiff's Statement of Material Facts in Support of Motion for Partial Summary Judgment).

2

"I believe" based on "not review[ing] all of the transactions" hardly provides material facts to defeat summary judgment. *See generally, S & L Vitamins, Inc. v. Australian Gold, Inc.*, 2007 WL 2932778 (E.D.N.Y. 2007)("when a motion for summary judgment is made, it is time "to put up [evidence or shut up"). **This is especially the case since it is Cell Source's burden to demonstrate the amount of a set-off.** *See generally, M.S. Distributing Co. v. Web Records, Inc.*, 2003 WL 21087961 * 7 (N. D. Ill. May 13, 2003) ("it is [defendant] who must show that she has material evidence that is genuinely disputed that would support a setoff claim. [Defendant] has failed to satisfy that burden. The Court will therefore enter summary judgment against her…"); *Frankel v. ICD Holdings S.A.*, 930 F.Supp. 54 (S. D. N. Y. 1996)("one who relies upon an affirmative defense to defeat an otherwise meritorious motion for summary judgment must adduce evidence which, viewed in the light most favorable to and drawing all reasonable inferences in favor of the non-moving party, would permit judgment for the non-moving party on the basis of that defense."); *Chrysler Credit Corp. v. Marino*, 1994 WL 478606 * 6 (N. D. Ill. 1994)(despite payment of over $350,000, defendants "failed to carry their burden" of showing said payment constituted an offset and therefore summary judgment in favor of plaintiff was appropriate); *Olliver v. Aldern*, 262 Ill.App.3d 190, 634 N.E.2d 418 (2d Dist. 1994) (the plaintiff bears the burden of proving that he or she sustained damages resulting from the breach and establishing both the correct measure of damages and the final computation of damages).

**II.     Cell Source's Claimed Set-Off Relies Upon Inadmissible Hearsay.**

Lunkes' affidavit testimony that customers complained that the batteries were defective is hearsay. (See, for example, par. 7 "several customers returned or refused shipments because the batteries would not take a charge. Several of Cell Source's customers cancelled their orders as a result of defective Koyo FA/SLA batteries.")

Lunkes is testifying about his understanding about why customers returned batteries. While Lunkes does not even provide a foundation for his knowledge of this information, he is apparently offering performance reports from customers-- for the truth that the batteries were, in fact, defective.  This is not permitted under Rule 56.  *See generally, Allen v. Bake-Line Products, Inc.*, 2001 WL 883693 (Aug. 6, 2001, N.D.Ill. 2001)(Because Rule 56(e) requires that affidavits "set forth such facts as would be admissible in evidence, hearsay statements are not considered in a summary judgment motion).

Accordingly, partial summary judgment in the amount of $335,000 is appropriate.

### III.    $248,000 Of Plaintiff's Damages Are Not Challenged.

Even if Cell Source's additional $87,000 set-off is credited (and it should not be for the reasons set forth above), this still leaves an undisputed amount of $248,000 ($335,000 minus $87,000) owed to Plaintiff.  Partial summary judgment should, therefore, be entered at least in the amount of $248,000.

### IV.    Partial Summary Judgment Will Serve A Useful Purpose.

If the issues in this case are substantially narrowed (i.e., a judgment is entered as to the majority of damages), the likelihood of this case settling as to the remaining amount is much greater.  This will greatly benefit Plaintiff as it will likely be forced to bring witnesses from Taiwan if this case proceeds to trial.

Wherefore, Plaintiff respectfully requests partial summary judgment in its favor and against Defendant Cell Source Distribution, Inc.

Dated: July 7, 2008                              Respectfully submitted,
                                                 KOYO BATTERY CO., LTD

                                          By:    /s/ David J. Fish
                                                 One of Its Attorneys

Stephen Hsu
LAW OFFICES OF STEPHEN HSU
2822 N. Ashland Avenue, #201
Chicago, IL 60657
(773) 244-1875

David J. Fish
THE FISH LAW FIRM, P.C.
1770 North Park Street, Suite 200
Naperville, Illinois 60563
(630) 355-7590