# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 274 | **DATE** | July 22, 2008 |
| **CASE TITLE** | KOYO BATTERY CO., LTD. vs. MICHAEL J. LUNKES, *et al.* | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for partial summary judgment [26] is denied. SEE BELOW FOR DETAILS.

*[signature: Suzanne B. Conlon]*

■ [ For further details see text below.]                                    Notices mailed by Judicial staff.

## STATEMENT

In this diversity case, Koyo Battery Co. Ltd. ("Koyo") sues, among others, Cell Source Distribution, Inc. ("Cell Source") for breach of battery sales contracts. Koyo moves for partial summary judgment with respect to damages in the amount of $335,000.00, including 5% prejudgment interest and costs.

Koyo cites Cell Source president Michael J. Lunkes' testimony in support of its damages calculation. Lunkes was not directly involved with the underlying transactions, but he testified that Cell Source owes Koyo $485,000, subject to an estimated set-off amount between $130,000 to $150,000. Def. Resp. ¶¶ 5-6; *see also* Lunkes Dep. at 34:14-37:18. Based on this testimony, Koyo claims it is undisputed that Cell Source owes Koyo $335,000 ($485,000 - $150,000). Pl. Facts ¶ 7.

Koyo fails to demonstrate the undisputed facts establish a concrete damages amount. Koyo relies exclusively on Cell Source President Lunkes' testimony, which was only claimed to be an approximation. *See* Def. Resp. ¶¶ 5-7; *see also* Lunkes Dep. at 34:14-37:18. Koyo's motion is therefore premature because it only seeks a damage estimate, rather than a concrete sum. *See, e.g., Pioneer Bank & Trust Co. v. Resolution Trust Corp.*, No. 91 C 6292, 1995 WL 324578, at *3 (N.D. Ill. May, 26, 1995) (Moran, J.) (summary judgment as to damages premature where damages are estimated).

Moreover, Cell Source provides a counter-affidavit from Lunkes' son, manager Michael T. Lunkes, who had direct knowledge of the Koyo transactions. *See* Def. Resp. at Ex. C. Michael T. Lunkes estimated a different damages amount based on an additional $87,000 in set-offs. *Id.* Because the damages amount is in dispute, partial summary judgment is inappropriate. *See Bank of Illinois v. Allied Signal Safety Restraint Sys.*, 75 F.3d 1162, 1168 (7th Cir. 1996) (citation omitted) (where two separate individuals give conflicting statements, summary judgment is inappropriate because the court may not weigh conflicting evidence).

Finally, because the damages amount is not ascertainable at this stage, Koyo's motion for a prejudgment interest award under 815 ILCS 205/2 is premature. *See Arthur Pierson & Co., Inc. v. Provimi Veal Corp.*, 887 F.2d 837, 840 (7th Cir. 1989) (for prejudgment interest under 815 ILCS 205/2, there must be an instrument of writing and it must contain a fixed or readily ascertainable amount of debt).

*[signature: Suzanne B. Conlon]*

| | Courtroom Deputy Initials: | WH |
|---|---|---|