IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KOYO BATTERY CO., LTD.                    )<br>                                                                  )<br>           Plaintiff,                              )<br>                                                                  )<br>     v.                                                       )<br>                                                                  )<br>MICHAEL J. LUNKES and CELL        )<br>SOURCE DISTRIBUTION, INC. and  )<br>ILLINOIS BATTERY CORPORATION )<br>and MICHAEL T. LUNKES and WILLIAM )<br>LUNKES and JAMES LUNKES,        )<br>                                                                  )<br>           Defendants.                          ) | 2008 CV 274<br><br>Judge Conlon<br><br>Magistrate Judge Valdez<br><br>Jury Trial Demanded |

### DEFENDANTS JAMES LUNKES and ILLINOIS BATTERY CORPORATION'S ANSWER TO THE AMENDED COMPLAINT

NOW COMES THE Defendants, JAMES LUNKES and ILLINOIS BATTERY CORPORATION, by and through their attorneys, THE LAW OFFICES OF JOSEPH V. RODDY, and for their Answer to the Amended Complaint states the following:

### PARTIES

1.   Koyo is a Taiwanese company organized and existing under the laws of Taiwan. Koyo is, therefore, a citizen of Taiwan.

   **ANSWER:**   Defendants lack knowledge or information sufficient to form a belief about to the truth of the allegation in paragraph 1.

2.   Upon information and belief, each of the non-corporate Defendants (Michael J. Lunkes, Michael T. Lunkes, William Lunkes, and James Lunkes) are residents of the State of Illinois and are therefore citizens of Illinois. Defendant Cell Source is an Illinois corporation which was, until recently, identified as not being in good standing with the Illinois Secretary of State. Cell

1

Source is, therefore, an Illinois citizen. Defendant Illinois Battery Corporation is an Illinois Corporation which lists its registered agent as being "revoked" with the Illinois Secretary of State.

**ANSWER:** James Lunkes admits that he is a resident of Illinois and therefore a citizen of Illinois. Defendant Illinois Battery admits that it is an Illinois Corporation but denies the remaining allegations against it. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 2.

## JURISDICTION and VENUE

3.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), based upon the complete diversity of citizenship of the parties and the amount in controversy exceeding the jurisdictional minimum of $75,000.00.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief about the truth of the allegation that complete diversity exists. Defendants admit that Plaintiff's complaint seeks an amount in excess of $75,000.00.

4.    Venue is proper in this Judicial District because the Defendants reside in this Judicial District, because products were shipped into this Judicial District, and because Defendants breached their contractual obligations within this Judicial District.

**ANSWER:** Defendants admit that they reside in this Judicial District. Defendants are without knowledge or information sufficient to form a belief about the truth of whether or not products were shipped to this Judicial District. Defendants deny that they breached any contractual obligation.

## BREACH OF CONTRACT - COUNT I

5.     Plaintiff and Defendant Cell Source Distribution and Michael T. Lunkes entered into legally binding contracts for the sale of batteries.  The terms of the parties' contract required that Defendant Michael T. Lunkes and Cell Source Distribution pay the Plaintiff for batteries ordered.

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 5.

6.     Cell Source did not observe corporate formalities and was grossly undercapitalized and is not legally deserving of corporation protection.  Likewise, Illinois Battery Corporation did not observe corporate formalities and regularly commingled funds and assets with Cell Source Distribution, including with regard to the purchase of Plaintiff's batteries.  Accordingly, the Court should pierce the corporate veil and hold each of the Defendants liable for Cell Source's obligations.  Each of the individual Defendants are shareholders or claims to be a shareholder in Cell Source Distribution.[1]

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Cell Source did not observe corporate formalities and was grossly undercapitalized and not deserving of corporation protection.  James Lunkes admits that he is a shareholder of Cell Source Distribution.  Defendants deny each and every remaining allegation of paragraph 6.

7.     Plaintiff has performed all conditions required of it under the parties' agreement.

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief

---

[1] Corporate formalities were so grossly disregarded that the Individual Defendants are currently in a dispute about who constitute the shareholders of Cell Source Distribution.

about the truth of the allegations in paragraph 7.

8.     Defendants owe $485,287.91 for batteries that were shipped pursuant to their parties' agreement.

    **ANSWER:**   Defendants deny the allegations of paragraph 8.

9.     As a result, Plaintiff has been damaged.

    **ANSWER:**   Defendants deny the allegations of paragraph 9.

### ACCOUNT STATED - COUNT II

10.    Defendant Cell Source Distribution has acknowledged its legal obligations to pay Plaintiff for batteries that were received, it has acknowledged that the claimed outstanding balance by Plaintiff is accurate, and it has promised to pay Cell Source Distribution.

    **ANSWER:**   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 10.

11.    Cell Source did not observe corporate formalities and was grossly undercapitalized and is not legally deserving of corporation protection. Likewise, Illinois Battery Corporation did not observe corporate formalities and regularly commingled funds and assets with Cell Source Distribution, including with regard to the purchase of Plaintiff's batteries. Accordingly, the Court should pierce the corporate veil and hold each of the Defendants liable for Cell Source's obligations. Each of the individual Defendants are shareholders or claims to be a shareholder in Cell Source Distribution.[2]

    **ANSWER:**   Defendants lack knowledge or information sufficient to form a belief

---

[2] Corporate formalities were so grossly disregarded that the Individual Defendants are currently in a dispute about who constitute the shareholders of Cell Source Distribution, although they all claim to be shareholders.

about the truth of the allegation that Cell Source did not observe corporate formalities and was grossly undercapitalized and not deserving of corporation protection. James Lunkes admits that he is a shareholder of Cell Source Distribution. Defendants deny each and every remaining allegation of paragraph 11.

12. Defendant Cell Source is legally obligated to pay for batteries in the amount of $485,287.91 and have acknowledged that this amount is owed, minus certain setoffs.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 12.

13. As a result, Plaintiff has been damaged.

**ANSWER:** Defendants deny the allegations of paragraph 13.

## UNJUST ENRICHMENT - COUNT III

14. Defendant Cell Source Distribution and Illinois Battery Corporation received batteries from Plaintiff for which they did not pay. At all times, Defendants knew they would be obligated to pay for the batteries.

**ANSWER:** Defendants deny that Illinois Battery Corporation received batteries from Plaintiff for which they did not pay; deny that they had knowledge of any obligation to pay for batteries on the part of Illinois Battery Corporation or James Lunkes and further deny that any money is owed by Illinois Battery Corporation or James Lunkes to Koyo Battery Company. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations alleged against Cell Source Distribution in paragraph 14.

15. Cell Source did not observe corporate formalities and was grossly undercapitalized and is not legally deserving of corporation protection. Likewise, Illinois Battery Corporation

did not observe corporate formalities and regularly commingled funds and assets with Cell Source Distribution including with regard to the purchase of Plaintiff's batteries. Accordingly, the Court should pierce the corporate veil and hold each of the Defendants liable for Cell Source's obligations. Each of the individual Defendants are shareholders or claims to be a shareholder in Cell Source Distribution.[3]

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Cell Source did not observe corporate formalities and was grossly undercapitalized and not deserving of corporation protection. James Lunkes admits that he is a shareholder of Cell Source Distribution. Defendants deny each and every remaining allegation of paragraph 15.

16. The reasonable value of the batteries that have not been paid for it $485,287.91. Accordingly, Defendants have unjustly retained a benefit to the Plaintiff's detriment, and that the Defendants' retention of the benefit violates the fundamental principles of justice, equity, and good conscience.

**ANSWER:** Defendants deny each and every allegation as stated in paragraph 16.

17. As a result, Plaintiff has been damaged.

**ANSWER:** Defendants deny the allegation in paragraph 17.

### AFFIRMATIVE DEFENSE OF JAMES LUNKES

**NO PERSONAL LIABILITY FOR CELL SOURCE DISTRIBUTION'S DEBTS**

1. James Lunkes was never an employee or officer of Cell Source Distribution.

---

[3] Corporate formalities were so grossly disregarded that the Individual Defendants are currently in a dispute about who constitute the shareholders of Cell Source Distribution, although they all claim to be shareholders.

2. James Lunkes had absolutely no decision making ability with respect to Cell Source Distribution.

3. James Lunkes inured no benefit from the business done by Cell Source Distribution.

4. As such, James Lunkes cannot be and is not liable for the acts of Cell Source Distribution.

5. James Lunkes never entered into any business transactions with Koyo Battery Company in his capacity as an individual or on behalf of Cell Source Distribution.

Wherefore, JAMES LUNKES prays that this Honorable Court dismiss him from this lawsuit with prejudice or enter a judgment in his favor and against Plaintiff and grant such other relief as this Court deems appropriate.

## AFFIRMATIVE DEFENSE OF ILLINOIS BATTERY CORPORATION

**PAYMENT IN FULL**

1. On various dates prior to October 2005, Illinois Battery Corporation entered into business transactions with Koyo Battery Company.

2. Illinois Battery Corporation has not entered into any business transactions with Koyo Battery Company since October 2005.

3. Each and every purchase of Koyo Battery Company products by Illinois Battery Corporation was paid in full.

4. Illinois Battery Corporation fully complied with its contractual obligations to Koyo Battery Company.

5. Furthermore, prior to October 2005, Koyo Battery Company sold various batteries

    to Illinois Battery Corporation which were not merchantable, causing Illinois Battery Corporation an economic loss.

 Wherefore, ILLINOIS BATTERY CORPORATION prays that this Honorable Court enter judgment in its favor and against Koyo Battery Company and grant such other relief as this Court deems appropriate.

**<u>DEFENDANTS DEMAND TRIAL BY JURY</u>**.

                Respectfully submitted,


                /s/ Joseph V. Roddy

Joseph V. Roddy (ARDC# 02361604)
Edith Dibbin (ARDC# 6286035)
THE LAW OFFICES OF JOSEPH V. RODDY
77 W. Washington, Suite 1100
Chicago, IL 60602
312-368-8220