IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

KOYO BATTERY CO., LTD.            )
                                  )
            Plaintiff,            )
                                  )
        v.                        )     2008 CV 274
                                  )     Judge Conlon
MICHAEL J. LUNKES and CELL        )     Magistrate Judge Valdez
SOURCE DISTRIBUTION, INC. and     )
ILLINOIS BATTERY CORPORATION      )     Jury Trial Demanded
and MICHAEL T. LUNKES and WILLIAM )
LUNKES and JAMES LUNKES,          )
                                  )
            Defendants.           )

**DEFENDANTS JAMES LUNKES and ILLINOIS BATTERY CORPORATION'S
ANSWER TO THE AMENDED COMPLAINT**

NOW COMES THE Defendant, WILLIAM LUNKES, by and through his attorneys, THE

LAW OFFICES OF JOSEPH V. RODDY, and for his Answer to the Amended Complaint states

the following:

**PARTIES**

1.      Koyo is a Taiwanese company organized and existing under the laws of Taiwan.  Koyo is,

therefore, a citizen of Taiwan.

        **ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegation in paragraph 1.

2.      Upon information and belief, each of the non-corporate Defendants (Michael J. Lunkes,

Michael T. Lunkes, William Lunkes, and James Lunkes) are residents of the State of Illinois and

are therefore citizens of Illinois.  Defendant Cell Source is an Illinois corporation which was,

until recently, identified as not being in good standing with the Illinois Secretary of State.  Cell

1

Source is, therefore, an Illinois citizen.  Defendant Illinois Battery Corporation is an Illinois

Corporation which lists its registered agent as being "revoked" with the Illinois Secretary of

State.

**ANSWER:**    William Lunkes admits that he is a resident of Illinois and therefore a

citizen of Illinois and admits that Illinois Battery is an Illinois Corporation.  Defendant denies

that the registered agent for Illinois Battery is listed "revoked" with the Illinois Secretary of State.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations of paragraph 2.

## JURISDICTION and VENUE

3.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), based upon the complete

diversity of citizenship of the parties and the amount in controversy exceeding the jurisdictional

minimum of $75,000.00.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief

about the truth of the allegation that complete diversity exists.  Defendant admits that Plaintiff's

complaint seeks an amount in excess of $75,000.00.

4.    Venue is proper in this Judicial District because the Defendants reside in this Judicial

District, because products were shipped into this Judicial District, and because Defendants

breached their contractual obligations within this Judicial District.

**ANSWER:**    Defendant admits that he resides in this Judicial District.  Defendant is

without knowledge or information sufficient to form a belief about the truth of whether or not

products were shipped to this Judicial District.  Defendant denies that he or Illinois Battery or

James Lunkes breached any contractual obligation.

2

## BREACH OF CONTRACT - COUNT I

5.      Plaintiff and Defendant Cell Source Distribution and Michael T. Lunkes entered into legally binding contracts for the sale of batteries.  The terms of the parties' contract required that Defendant Michael T. Lunkes and Cell Source Distribution pay the Plaintiff for batteries ordered.

        **ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 5.

6.      Cell Source did not observe corporate formalities and was grossly undercapitalized and is not legally deserving of corporation protection.  Likewise, Illinois Battery Corporation did not observe corporate formalities and regularly commingled funds and assets with Cell Source Distribution, including with regard to the purchase of Plaintiff's batteries.  Accordingly, the Court should pierce the corporate veil and hold each of the Defendants liable for Cell Source's obligations.  Each of the individual Defendants are shareholders or claims to be a shareholder in Cell Source Distribution.[1]

        **ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that Cell Source did not observe corporate formalities and was grossly undercapitalized and not deserving of corporation protection.  Defendant denies that he is a shareholder of Cell Source and does not claim to be a shareholder of Cell Source.  Defendant denies each and  every remaining allegation of paragraph 6.

7.      Plaintiff has performed all conditions required of it under the parties' agreement.

        **ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief

---

        [1]Corporate formalities were so grossly disregarded that the Individual Defendants are currently in a dispute about who constitute the shareholders of Cell Source Distribution.

about the truth of the allegations in paragraph 7.

8.      Defendants owe $485,287.91 for batteries that were shipped pursuant to their parties'

agreement.

      **ANSWER:**      Defendant denies the allegations of paragraph 8.

9.      As a result, Plaintiff has been damaged.

      **ANSWER:**      Defendant denies the allegations of paragraph 9.

### ACCOUNT STATED - COUNT II

10.      Defendant Cell Source Distribution has acknowledged its legal obligations to pay

Plaintiff for batteries that were received, it has acknowledged that the claimed outstanding

balance by Plaintiff is accurate, and it has promised to pay Cell Source Distribution.

      **ANSWER:**      Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations of paragraph 10.

11.      Cell Source did not observe corporate formalities and was grossly undercapitalized and is

not legally deserving of corporation protection.  Likewise, Illinois Battery Corporation did not

observe corporate formalities and regularly commingled funds and assets with Cell Source

Distribution, including with regard to the purchase of Plaintiff's batteries.  Accordingly, the

Court should pierce the corporate veil and hold each of the Defendants liable for Cell Source's

obligations.  Each of the individual Defendants are shareholders or claims to be a shareholder in

Cell Source Distribution.[2]

      **ANSWER:**      Defendant lacks knowledge or information sufficient to form a belief

---

[2]Corporate formalities were so grossly disregarded that the Individual Defendants are currently in a dispute about who constitute the shareholders of Cell Source Distribution, although they all claim to be shareholders.

4

about the truth of the allegation that Cell Source did not observe corporate formalities and was

grossly undercapitalized and not deserving of corporation protection.  Defendant denies that he is

a shareholder of Cell Source and does not claim to be a shareholder of Cell Source. Defendant

denies each and  every remaining allegation of paragraph 11.

12.    Defendant Cell Source is legally obligated to pay for batteries in the amount of

$485,287.91 and have acknowledged that this amount is owed, minus certain setoffs.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations of paragraph 12.

13.    As a result, Plaintiff has been damaged.

**ANSWER:**    Defendant denies the allegations of paragraph 13.

## UNJUST ENRICHMENT - COUNT III

14.    Defendant Cell Source Distribution and Illinois Battery Corporation received batteries

from Plaintiff for which they did not pay.  At all times, Defendants knew they would be obligated

to pay for the batteries.

**ANSWER:**    Defendant denies that Illinois Battery Corporation received batteries from

Plaintiff for which they did not pay;  denies that he had knowledge of any obligation to pay for

batteries on the part of Illinois Battery Corporation, James Lunkes or William Lunkes and further

denies that any money is owed by Illinois Battery Corporation, James Lunkes or William Lunkes

to Koyo Battery Company.  Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegations alleged against Cell Source Distribution in paragraph 14.

15.    Cell Source did not observe corporate formalities and was grossly undercapitalized and is

not legally deserving of corporation protection.  Likewise, Illinois Battery Corporation

5

did not observe corporate formalities and regularly commingled funds and assets with Cell

Source Distribution including with regard to the purchase of Plaintiff's batteries. Accordingly,

the Court should pierce the corporate veil and hold each of the Defendants liable for Cell

Source's obligations. Each of the individual Defendants are shareholders or claims to be a

shareholder in Cell Source Distribution.[3]

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegation that Cell Source did not observe corporate formalities and was

grossly undercapitalized and not deserving of corporation protection. Defendant denies that he is

a shareholder of Cell Source and does not claim to be a shareholder of Cell Source. Defendant

denies each and every remaining allegation of paragraph 15.

16.    The reasonable value of the batteries that have not been paid for it $485,287.91.

Accordingly, Defendants have unjustly retained a benefit to the Plaintiff's detriment, and that the

Defendants' retention of the benefit violates the fundamental principles of justice, equity, and

good conscience.

**ANSWER:**    Defendant denies each and every allegation as stated in paragraph 16.

17.    As a result, Plaintiff has been damaged.

**ANSWER:**    Defendant denies the allegation in paragraph 17.

### AFFIRMATIVE DEFENSE OF WILLIAM LUNKES

**NO PERSONAL LIABILITY FOR CELL SOURCE DISTRIBUTION'S DEBTS**

1.    William Lunkes was never an employee, officer, or shareholder of Cell Source

---

[3]Corporate formalities were so grossly disregarded that the Individual Defendants are currently in a dispute about who constitute the shareholders of Cell Source Distribution, although they all claim to be shareholders.

Distribution.

2.      William Lunkes had absolutely no decision making ability with respect to Cell

Source Distribution.

3.      William Lunkes inured no benefit from the business done by Cell Source

Distribution.

4.      As such, William Lunkes cannot be and is not liable for the acts of Cell Source

Distribution.

Wherefore, WILLIAM LUNKES prays that this Honorable Court dismiss him from this

lawsuit with prejudice or enter a judgment in his favor and against Plaintiff and grant such other

relief as this Court deems appropriate.

**DEFENDANT DEMANDS TRIAL BY JURY**.

                                                    Respectfully submitted,


                                                    /s/ Joseph V. Roddy_____

Joseph V. Roddy (ARDC# 02361604)
Edith Dibbin (ARDC# 6286035)
THE LAW OFFICES OF JOSEPH V. RODDY
77 W. Washington, Suite 1100
Chicago, IL 60602
312-368-8220