IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOYO BATTERY COMPANY, LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 08 C 274 |
| v. | ) |
| | ) Suzanne B. Conlon, Judge |
| MICHAEL J. LUNKES, CELL SOURCE DISTRIBUTION, INC., ILLINOIS BATTERY CORPORATION, MICHAEL T. LUNKES, WILLIAM LUNKES, and JAMES LUNKES, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Koyo Battery Company ("Koyo") sued Cell Source Distribution, Inc. ("Cell Source"), Illinois Battery Corporation ("Illinois Battery"), and members of the Lunkes family (who are alleged to be Cell Source shareholders) for breach of battery sales contracts, account stated, and unjust enrichment. Cell Source, Michael J. Lunkes, and Michael T. Lunkes subsequently filed bankruptcy petitions, and were dismissed from this case subject to reinstatement upon completion of the bankruptcy proceedings. The remaining defendants – Illinois Battery, James Lunkes, and William Lunkes – move to dismiss or stay the case pending resolution of the bankruptcy proceedings. For the reasons set forth below, the motion is denied.

### **BACKGROUND**

The following facts are derived from the amended complaint and answers. Koyo entered into contracts with Cell Source and, allegedly, Michael T. Lunkes pursuant to which Koyo sold

them batteries. Koyo claims Cell Source and Michael T. Lunkes owe $485,287.91 for batteries Koyo provided under the contract. Koyo claims Illinois Battery also received batteries from Koyo, but did not pay for them. According to Koyo, neither Cell Source nor Illinois Battery observed corporate formalities. Cell Source was grossly undercapitalized, and Cell Source and Illinois Battery regularly commingled funds and assets, including with regard to purchasing Koyo's batteries. Koyo alleges Cell Sources' corporate veil should be pierced, and its shareholders and Illinois Battery are liable.

## DISCUSSION

### I. Standard

A stay is incidental to a court's inherent power to control the disposition of cases on its docket to economize time and effort for the parties and the court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining the appropriateness of a stay, the interests of judicial economy and the balance of hardships to the proponent and opponent of the stay are considered. *See id.* The proponent of a stay bears the burden of establishing its need. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

### II. Motion to Dismiss or Stay

Illinois Battery, James Lunkes, and William Lunkes ("defendants") argue this case should be stayed or dismissed without prejudice pending Cell Source, Michael J. Lunkes, and Michael T. Lunkes' bankruptcy proceedings. In support, defendants contend Koyo pleads no direct cause of action against them; rather, Koyo seeks to impose liability against them for the substantive claims of breach of contract, account stated, and unjust enrichment under a piercing the corporate veil theory. Citing *Int'l Fin. Servs. Corp. v. Chromas Technologies Canada, Inc.*, 356 F.3d 731,

736 (7th Cir. 2004), defendants argue Koyo must obtain a judgment against Cell Source in the bankruptcy proceedings before seeking to pierce its corporate veil.

In *Chromas Technologies*, International Financial sued, *inter alia*, Chromas Technologies, Didde Web Press, and Didde Corporation for breach of contract and fraud. 356 F.3d 734. International Financial claimed it financed the manufacture of a printing press that it never received. International Financial thought it was doing business with Chromas Technologies, but Didde Web Press received the financing payments. Both companies were owned by Didde Corporation. Chromas Technologies was the sole remaining defendant at trial because Didde Web Press and Didde Corporation filed for bankruptcy. A jury found Chromas Technologies was the *alter ego* of Didde Web Press and liable for breach of contract. The district court entered judgment against Chromas Technologies. *Id.*

The issue on appeal was whether the district court, not the jury, should have decided whether to pierce the company's corporate veil. *Id.* at 735. Piercing the corporate veil doctrine is not a cause of action; it is a means of imposing liability on a substantive claim such as breach of contract. *Id.* at 736. The doctrine was held to be an equitable remedy; the case was therefore remanded for the district court's determination whether to pierce the corporate veil. *Id.* at 737-39. On remand, the district court found the corporate veil should be pierced, and again entered judgment against Chromas Technologies. *Int'l Fin. Servs. Corp. v. Chromas Technologies Canada, Inc.*, No. 00 C 6433, 2005 WL 2304783 (N.D. Ill. Sept. 19, 2005) (Coar, J.).

*Chromas Technologies* does not stand for the proposition that Koyo must obtain a judgment in the bankruptcy court before attempting to pierce Cell Source's corporate veil. Indeed, the judgment was entered against Chromas Technologies because it was the *alter ego* of

3

Didde Web Press despite its bankruptcy proceedings. It is permissible in Illinois to file a piercing the corporate veil claim simultaneously with the underlying substantive claim. *See, e.g., Fontana v. TLD Builders, Inc.*, 840 N.E.2d 767 (Ill. App. Ct. 2005); *Gallagher v. Reconco Builders, Inc.*, 415 N.E.2d 560 (Ill. App. Ct. 1980); *Berlinger's Inc. v. Beef's Finest, Inc.*, 372 N.E.2d 1043 (Ill. App. Ct. 1978). Defendants argue the facts in these cases are distinguishable, but the legal principle is that a judgment is not necessary before attempting to pierce a company's corporate veil.

Defendants shift from reliance on *Chromas Technologies* to distinguishing that case because a direct cause of action was pled against Chromas Technologies. This had no bearing on the analysis, and defendants provide no authority for this purported requirement. Piercing the corporate veil is a means of imposing liability on an underlying cause of action. That is precisely what Koyo seeks to do – impose liability on defendants for the alleged unpaid balance on batteries Cell Source received from Koyo.

Defendants' argument ignores Koyo's allegation that Illinois Battery was unjustly enriched because it received Koyo's batteries without paying for them. Am. Compl., Count III at ¶ 14. This is a claim against Illinois Battery, which does not depend upon piercing Cell Source's corporate veil. Defendants argue for the first time in their reply brief that Koyo fails to state an unjust enrichment claim. This argument is waived. *See Kelso v. Bayer Corp.*, 398 F.3d 640, 643 (7th Cir. 2005).

Defendants argue prejudice if Cell Source would not be present to argue its affirmative defenses and counterclaim. Cell Source's affirmative defenses include an alleged set off of approximately $117,901.80 for costs Cell Source incurred in promoting Koyo's batteries, and

4

breach of an implied warranty of merchantibility. Cell Source counterclaims for Koyo's alleged breach of an alleged exclusive distributorship agreement. Defendants contend they lack any underlying knowledge of these claims, and that it would be inequitable to require them to learn this information. Defendants fail to provide evidentiary support. In their reply brief, defendants assert Koyo's batteries were defective. This contradicts their purported lack of knowledge regarding Cell Source's implied warranty of merchantibility defense. Defendants' argument begs the piercing the corporate veil question – whether there is a unity of interest between them and Cell Source so that the separate personalities no longer exist. *See Chromas Technologies*, 356 F.3d at 736.

## CONCLUSION

Defendants fail to meet their burden of establishing the equities require a stay or dismissal pending the resolution of bankruptcy proceedings relating to co-defendants Cell Source, Michael J. Lunkes, and Michael T. Lunkes. Defendants' motion to dismiss or stay the case is therefore denied.

ENTER:

Suzanne B. Conlon
United States District Judge

December 5, 2008